KLEES, Judge.
This is an appeal by the defendant, Joseph Vigee, who was found guilty in a trial by jury of attempted possession of heroin in violation of R.S. 40:966(C)(1). On appeal, the defendant claims that certain evidence and testimony was improperly excluded.
On November 10, 1984, the defendant went to a bar to view horse races on television. Bets on the races were apparently being taken at this bar. While at the bar, the defendant met his friend Larry Joseph, who asked him to go for a ride in his 1981 *594 white Cadillac which he purchased on November 8, 1984. The two left the bar together. After traveling a few blocks the defendant moved from the passenger’s seat to the driver’s seat. At some point the defendant stopped the car at the intersection of Thalia and Rampart and Larry Joseph got out.
While the defendant was stopped at this intersection two police officers from the Narcotics Division approached in an unmarked car. These officers, Pedro Marina and Wallace Goodey, observed the defendant seated in the driver’s seat of the white Cadillac leaning over with his hands extended towards the passenger seat. There were two individuals standing on the passenger side of the car; one had his hands through the window and the other was standing up looking in all directions. The officers perceived this to be a drug transaction. As the officers approached in the car, the three individuals turned to look at them and the two pedestrians quickly walked away.
The officers, dressed in plain clothes, stopped their car along side and behind the Cadillac. Officer Goodey approached the driver’s side of the Cadillac and Officer Maria walked behind the Cadillac toward the two fleeing pedestrians. Officer Goo-dey had his gun holster strapped to his waist which was fully exposed and carried his police radio in his left hand. As he walked toward the Cadillac he stated “Stop Police”. He saw the defendant lean across the vehicle and reach for something. He said “Dont’t go for it”, and withdrew his service revolver. As he approached the side of the Cadillac near the rearview mirror, the defendant straightened up in the seat, opened the door slightly, and accelerated. The opened door hit Officer Goodey and his gun discharged. The Cadillac came to rest across the street. When the Officers reached the car they saw that the defendant had been shot. Five foil packets of heroin were confiscated from the floorboard of the car.
On appeal, the defendant argues that the trial judge erred in not allowing him to present evidence showing that on November 10, 1984 the Cadillac which the defendant was driving was registered to a known drug trafficker who had been arrested for assaulting police officers. The trial judge ruled that this evidence was inadmissible because it was not relevant. Relevant evidence is defined as:
“... that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and intent.” R.S. 15:441
The defendant’s theory was that the officers either recognized the car, or called the license number of the Cadillac in to the police operator who checked the computer and related the information about the registered owner to the officers. The defendant then claims that Officer Goodey approached the car with his gun drawn and shot the defendant, although he was in no danger.
The problem with this theory is that both officers testified that they had never seen this car prior to this incident and did not call the license number in to the police operator. They claim that even if they would have attempted to have the license number checked on the computer, there was no one there to answer the call. The testimony at trial reveals that the officers approached the car at a ninety degree angle. Therefore, they could not have seen the license plate until they turned the corner and approached the car. This did not allow them time to check the license plate.
The trial judge correctly ruled this evidence to be irrelevant and it was properly excluded. This assignment of error lacks merit.
The defendant’s second and final assignment of error claims that the trial judge erred in excluding testimony of the fact that Larry Joseph asked another individual to lie for him thereby placing him away from the scene of this incident in an attempt to exculpate himself.
A defendant has the right to present any and all relevant evidence bearing on his innocence; “relevant evidence” tends to show the commission of the offense and the intent, or negates the com *595 mission of the offense. R.S. 15:441; State v. Patch, 470 So.2d 585 (La.App. 1st Cir. 1985), writ denied, 475 So.2d 358 (La.1985).
In this case, the defendant tries to create the presumption that if Larry Joseph attempted to exculpate himself by having another lie, then Larry Joseph is guilty and the defendant is innocent. In some situations, this testimony could be admitted as an exception to the hearsay rule. See State v. Webb, 424 So.2d 238 (La.1982) and State v. Guerin, 452 So.2d 746 (La.App. 1st Cir.1984).
However, in the case at bar, Larry Joseph was available to testify at trial. The defendant chose not to call Larry Joseph. The trial judge correctly excluded the testimony of the witness who claimed that Larry Joseph asked him to lie. This assignment of error is without merit.
The record was also reviewed for errors patent. None were found.
For the above stated reasons, the conviction and sentence of the trial court is affirmed.
AFFIRMED.