518 So.2d 501 (1988)
STATE of Louisiana
v.
Joseph L. VIGEE.
No. 87-K-1066.
Supreme Court of Louisiana.
January 18, 1988.
*502 John Wilson Reed, Glass & Reed, New Orleans, for applicant.
William J. Guste, Jr., Atty. Gen., Harry F. Connick, Dist. Atty., Michael McMahon, Terry Boudreaux, Asst. Dist. Attys., for respondent.
WATSON, Justice.
Defendant Joseph Vigee was indicted for possession of heroin with intent to distribute. After being convicted by a jury of attempted possession of heroin,[1] he was sentenced to ten days in jail with credit for time served, and fined $350 plus $87.50 court costs. The conviction was affirmed,[2] and a writ was granted to consider the judgment.[3] Because the trial court committed reversible error in excluding testimony relevant to Vigee's defense, the conviction and sentence are reversed.

FACTS
The facts of Vigee's encounter with New Orleans narcotics officers on November 10, 1984, are sharply disputed.
According to the state, plainclothes police officers Marina and Goodey were "cruising" known drug "hotspots" in an unmarked vehicle at approximately 5:30 P.M. As they approached the intersection of Thalia and Rampart Streets, they saw a white Cadillac next to the curb. Two black males standing next to the Cadillac's passenger side were involved in a transaction with the driver. One of the pedestrians was leaning into the car while the other surveyed the street. The driver exchanged something with the man on the other side. At that point, the "lookout" said something; all participants looked toward the unmarked police car; and the two pedestrians started walking away.
Believing that a narcotics sale had taken place, Officer Marina pulled the police vehicle alongside and slightly behind the Cadillac. Officer Goodey got out and approached the driver of the Cadillac. After identifying himself as a police officer, Goodey positioned himself in front of the Cadillac's side view mirror. When the driver reached toward a bag on the seat, Goodey feared a weapon, drew his revolver and told the driver not to reach for the bag. Meanwhile, Officer Marina had been trying to stop the pedestrians. Both officers testified they saw the dome light go on in the Cadillac, signifying the door was opening, and heard the engine accelerate. Officer Goodey claimed the car surged forward, striking his left hip and hurling him to the ground. At some point, Goodey's gun discharged, striking the driver, who was later identified as Vigee. The Cadillac continued across the street and was stopped by a chain blocking the entrance to a parking lot.
Both officers observed that Vigee had been injured and radioed for an emergency unit. Visible in the Cadillac were five foil packets on the front floor which were discovered to contain heroin. No money or weapons were found in the car. A grand jury indicted Vigee for possession of heroin with intent to distribute. As a result of the shooting, Vigee is paralyzed from the chest down.
According to defendant Vigee, the incident occurred in an entirely different manner. Between 4:30 and 5:00 P.M., he was *503 in Hank's Restaurant and Bar. When friend Larry Joseph entered and told Vigee about his new 1981 white Cadillac, Vigee went for a test drive. After Joseph told Vigee to stop on the corner of Rampart and Thalia Streets, Joseph left the stopped car.
Someone came up from behind Vigee and pointed a gun at his head. Vigee saw the gun but not the person's face. Vigee leaned to the right to avoid the gun and was shot. The car, which had been left in the "drive" position, moved forward as Vigee's foot slipped off the brake, due to his immediate paralysis, and was stopped only by the chain of the parking lot across the street.
Vigee did not know the person who shot him was a police officer, nor that there were packets of heroin in the car. He had not talked to anyone while sitting in the car waiting for Joseph to return, and he did not know why he had been shot.
At trial, two pieces of evidence were excluded from the jury. The defense proved that the Cadillac was purchased by Larry Joseph on November 8, 1984, but the Department of Motor Vehicles' records available to the police on the day of the shooting showed that the car was owned by its previous owner, Hubert Carbo. Evidence that police records flagged Carbo as a known narcotics dealer, prone to assault police, was excluded. The trial court found this evidence irrelevant and unreliable.
The second item of excluded evidence was certain testimony from Ronald Watson. Watson, a friend of both Vigee and Larry Joseph, would have testified that Larry Joseph approached him after the shooting and asked Watson to tell investigators that Watson had given Joseph a ride to the Rampart and Thalia Streets area. The trial judge ruled this evidence inadmissible hearsay and questioned its relevance.
At the hearing on defendant's motion for new trial, the "rap" sheet of Hubert Carbo was introduced by the defense, which showed that, in November of 1984, Carbo was known as a narcotics dealer and police assailant. A motion for new trial was denied by the trial judge and Vigee was sentenced.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant asserts the trial court erred in excluding evidence that the registered owner of the white Cadillac was known to police as a narcotics dealer who was likely to assault police.
Both the Sixth Amendment of the United States Constitution and the Louisiana Constitution, Art. I, Section 16 (1974) provide that a criminal defendant has the right to present a defense.[4] In Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) the United States Supreme Court stated:
"The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosection's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental *504 element of due process of law.[5]
All relevant evidence necessary to that defense must be presented for a full adjudication. Relevant evidence is defined at LSA-R.S. 15:441[6] and must be related to a material issue to be admissible.[7]
Vigee's defense was that he had done nothing wrong and was merely sitting in a friend's car awaiting the friend's return. His theory was that the officers either recognized the vehicle as one previously involved in drug traffic or ran the vehicle's license plate number to obtain information regarding its owner.[8] This information would have alerted the officers that they might encounter an armed and dangerous man. One inference which could be drawn from the excluded evidence was that the officers approached the Cadillac with drawn guns expecting a violent encounter.
Moreover, a defendant who is arrested in an automobile he does not own, which recently belonged to a known drug dealer, is entitled to show evidence of ownership which might suggest that the drugs on the floor belonged to someone else. This evidence tends to negate the commission of the offense and is relevant under LSA-R.S. 15:441.
The standard of determining relevance is based on logic and experience. State v. Caldwell, 504 So.2d 853 (La.1987); State v. Whittaker, 463 So.2d 1270 (La.1985), on remand, 479 So.2d 380 (La.App. 1 Cir.1985); and State v. Ludwig, 423 So.2d 1073 (La. 1982). "So long as the proffered evidence has a tendency to make a consequential fact more or less probable the `logical' relevancy test is satisfied."[9] Here, the excluded evidence presents an independent explanation for the officers' approach to the Cadillac which contradicts the officers' testimony. It provides a reasonable alternative to the state's implication of Vigee in a narcotics transaction.
The jury apparently rejected the officers' testimony about a narcotics sale, since all responsive verdicts concerning distribution of heroin were rejected. The jury voted 10-2 for the minimum possible conviction verdict, attempted possession of heroin. Highly relevant on the issue of the officers' credibility, the evidence should have been allowed and might have resulted in an acquittal.[10]

ASSIGNMENT OF ERROR NUMBER TWO
Defendant asserts the trial court erred in excluding certain testimony of Ronald Watson as hearsay. Watson testified he was on South Rampart Street approximately thirty feet from the Cadillac and saw a white male walk up to the Cadillac and shoot Vigee. Excluded was testimony that Larry Joseph had asked Ronald Watson to lie to investigators. Specifically, Watson was asked to say that he had given Joseph a ride to the Thalia and Rampart Streets intersection shortly before the shooting.
In State v. Martin, 356 So.2d 1370 (La. 1978) this court adopted the definition of hearsay evidence as "... testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."[11] McCormick, Evidence, § 246 (Cleary ed. 1984). See State *505 v. Shoemaker, 500 So.2d 385 (La.1987). With some exceptions, hearsay evidence is inadmissible in criminal trials.[12]
The defense did not offer Watson's statement to prove the truth of Joseph's alleged statement to Watson. Vigee wanted to establish that Joseph tried to procure false testimony indicating Joseph's presence at the scene was unrelated to the Cadillac and Vigee. Joseph's attempted misrepresentation was relevant to the question of who owned the heroin and showed a "guilty mind". State v. Captville, 448 So.2d 676 at 680 (La.1984). Evidence that Larry Joseph solicited an alibi for his proximity supported an inference that he owned the heroin. A defendant may assert as a defense that a crime was committed by someone else. State v. Ludwig, supra.
The state's argument that defendant was required, on some sort of best evidence theory, to call Joseph as a witness before Watson's testimony could be admitted is not valid. The testimony of one who supposedly made a statement is no better evidence than the testimony of one who heard it.

DECREE
Because the trial court committed reversible error in excluding certain testimony of Ronald Watson and in excluding evidence concerning the prior owner of the vehicle, the conviction and sentence of defendant, Joseph Vigee, are reversed. The case is remanded to the trial court for such further proceedings as are deemed appropriate.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 40:966(C) and LSA-R.S. 14:27.
[2] 506 So.2d 593 (La.App. 4 Cir.1987).
[3] 512 So.2d 423 (La.1987).
[4] United States Constitution, Sixth Amendment states:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witneses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense."
LSA-Const. 1974, Art. I, § 16 provides:
"Every person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy, public, and impartial trial in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law. No person shall be compelled to give evidence against himself. An accused is entitled to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify in his own behalf."
[5] 388 U.S. at 19, 87 S.Ct. at 1923, 18 L.Ed.2d at 1023.
[6] LSA-R.S. 15:441 provides:

"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
"Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible."
[7] LSA-R.S. 15:435 states:

"The evidence must be relevant to the material issue."
[8] Both officers denied checking the vehicle's license plate.
[9] Ludwig, supra, 423 So.2d at 1078.
[10] Vigee presented evidence that prior to the shooting he had worked as an insulator earning approximately $24,000 to $30,000 a year and had never been convicted of any offense.
[11] State v. Martin, supra, 356 So.2d at 1373.
[12] LSA-R.S. 15:434 provides:

"Hearsay evidence is inadmissible, except as otherwise provided in this Code."