946 So.2d 196 (2006)
STATE of Louisiana
v.
Byron MILLET.
No. 2005-KA-1122.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 2006.
*198 Eddie J. Jordan, Jr., District Attorney, Autumn L. Cheramie, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS SR. and Judge ROLAND L. BELSOME).
JOAN BERNARD ARMSTRONG, Chief Judge.
STATEMENT OF THE CASE
On November 12, 2004, under case number 453-646, the defendant-appellee was charged by bill of information with one count of possession of cocaine, a violation of La. R.S. 40:967. He entered a not guilty plea at arraignment on November 17, 2004. On January 4, 2005 the State entered a nolle prosequi. Ten days later, on January 14, 2005, the State reinstituted the prosecution under the present case, docket number 455-347. The defendant was arraigned on the new bill on February 15th and entered another not guilty plea. On February 28, 2005 the defense filed a motion to quash the bill of information which the court granted on March 18th. On March 23rd and again on May 9th, the State filed a motion for an appeal. This appeal follows.
DISCUSSION
The sole issue in this appeal is whether the trial court erred when it granted the defendant's motion to quash. Although the court gave no reasons at the time it ruled, it later issued a per curiam, which actually related to over twenty-five cases including the instant one, explaining that it granted the motion to quash because the State had earlier entered a nolle prosequi when the court had denied a motion to continue which failed to conform with La. C.Cr.P. art. 707. In his written motion to quash, the defendant had averred that this action by the State had violated his constitutional right to a speedy trial. The State argues in its brief that it has plenary authority under La.C.Cr.P. art. 576 to dismiss a charge and then reinstitute in any case, such as this one, where doing so does not circumvent the statutory time limits for commencing trial under La. C.Cr.P. art. 578.[1]
The State is correct that it has the authority to enter a nolle prosequi and reinstitute the charge. Both this Court and the Louisiana Supreme Court have recognized this authority, but have also recognized that it may be overborne under the circumstances of any given case by the defendant's constitutional right to a speedy trial. See State v. Love, XXXX-XXXX (La.5/23/03), 847 So.2d 1198, and State v. Scott, XXXX-XXXX (La.App. 4 Cir. 7/27/05), 913 So.2d 843. In Scott, this Court discussed the factors to be considered with regard to a defendant's constitutional right to a speedy trial rights:
The right to a speedy trial is guaranteed by both the federal and state constitutions. U.S. Const. Amendment 6; La. Const. Art. I, § 16. In addition to the statutory right to a speedy trial recognized by La.C.Cr.P. art. 701(A), a defendant also has a fundamental, constitutional right to a speedy trial. In analyzing a constitutional speedy trial violation claim, the four factor test forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) is applied; to wit: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. The initial factor, the *199 length of the delay, is often referred to as the "triggering mechanism" because absent a "presumptively prejudicial" delay, further inquiry into the Barker factors is unnecessary. See State v. Santiago, 03-0693 (La.App. 4 Cir. 7/23/03), 853 So.2d 671. Under Barker, the peculiar circumstances of the case determine the weight to be ascribed to the length of the delay and the reason for the delay. State v. Reaves, 376 So.2d 136, 138 (La.1979). Something that is acceptable in one case may not be acceptable in another because the complexity of the case must be considered. Gray v. King, 724 F.2d 1199, 1202 (5th Cir.1984), citing Barker, 407 U.S. at 531, 92 S.Ct. 2182. The manner of proof must also be considered, as must the gravity of the alleged crime. Id.

A defendant challenging the state's dismissal and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 00-0511, p. 7 (La. App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142.
Scott, p. 11-12, 913 So.3d at 850-51.
In Love, the Court discussed the relationship of the appellate and trial courts and stated:
Because of the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion.
Id., at pp. 9-10, 847 So.2d at 1206. In addition, in State v. Harris, XXXX-XXXX (La. App. 4 Cir. 9/10/03), 857 So.2d 16, this Court stated:
Thus, . . . the proper approach to the question of whether the defendant's right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was "palpable abuse" on the part of the trial court in granting the motion to quash.
Id., at pp. 7-8, 904 So.2d at 770.
Recently, in State v. Batiste, XXXX-XXXX, p. 5 (La.10/17/06), 939 So.2d 1245, the court stated:
A court's resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. In those cases "where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation." Id.

In Batiste, the Court found that the reason for the dismissal of the earlier charge was because the victim was unavailable to testify. The Court then considered the defendant's speedy trial claim and found that although nineteen months elapsed between the filing of the original bill and the quashing of the charges in the second case, the reasons for the delay were not solely those of the State. The Court found that there was no intentional delay on the State's part to gain a tactical advantage, that the defendant did not assert his speedy trial right prior to filing his motion to quash, and that there was no suggestion that his defense was impaired by the delay. The court then reversed the trial court's quashing of the charge and this *200 Court's affirmation of the trial court's ruling.
Under Barker, the first question is whether the delay was sufficient to act as a triggering mechanism. In this case, it appears that it was not. Only four months and one week elapsed from the filing of the original bill of information to the granting of the motion to quash, and only three months elapsed from the filing of the original bill and the filing of the motion to quash. While the Louisiana Supreme Court held in State v. Reaves, 376 So.2d 136 (La.1979), that a delay of three and one-half months was sufficient to violate the defendant's rights, that case involved misdemeanor possession of marijuana, not a felony as in the instant case, and the defendant in Reaves repeatedly made fruitless court appearances until he was forced to enter a guilty plea. In this case the defendant made court appearances a total of four times prior to the filing of the motion to quash; two were arraignments, one was a motion hearing, and one was a trial setting.
Furthermore, this Court has more recently determined that delays of less than a year were not sufficient to trigger a consideration of the other Barker factors. For example, in State v. Pham, 97-0459 (La.App. 4 Cir. 3/26/97), 692 So.2d 11, the Court found that a nine-month delay for a defendant forced to travel from Houston to New Orleans after being charged with cheating at gaming did not merit the granting of a motion to quash. In State v. Keller, XXXX-XXXX (La.App. 4 Cir. 10/1/03), 859 So.2d 743, the Court found that a six and one-half month delay between the filing of the first bill of information and the granting of the motion to quash the reinstituted bill was not presumptively prejudicial and that the trial court had abused its discretion when it granted the motion to quash. In State v. Gray, 98-0347 (La.App. 4 Cir. 10/21/98), 766 So.2d 550, there was an eleven-month delay. The court suggested that the delay may not be presumptively prejudicial as most prior cases considered by the Court had involved delays of more than one year. However, the Court evaluated the remaining Barker factors because of Reaves.[2]
Considering the very short amount of time between the filing of the original bill of information and the granting of the motion to quash, the trial court's decision would be difficult for this Court to uphold. However, it should be noted that the trial court apparently was motivated mainly by its concern that the State wanted to nolle prosequi the defendant's case and reinstate the case on the same charge without properly complying with the procedure to request a continuance as provided by C.Cr.P. art. 707 et seq. In particular, the State did not secure the presence of a police officer to testify at the motion hearing held on December 10, 2004, resulting in the court determining that there was no probable cause and ordering the defendant's release from jail. Three weeks later when the matter was called for trial, the State was again unable to go forward and entered the nolle prosequi when the court denied its motion for a continuance. As referenced in its per curiam, the trial court concluded that the State did not comply with C.Cr.P. art. 707 et seq. However, we find that quashing *201 the prosecution is a very harsh remedy. The day the State entered the nolle prosequi was the first trial setting, and the defendant had already been released from jail. Thus, viewing the record as a whole, it appears that the decision to quash the prosecution was a palpable abuse of discretion.
CONCLUSION
The State's assignment of error has merit. Accordingly, the trial court's judgment is reversed and the matter remanded.
REVERSED AND REMANDED.
BELSOME, J., Concurs in the Result.
NOTES
[1] The time limit in this case was two years and was not even close to expiring.
[2] Ultimately in Gray this Court reversed the trial court's decision granting the motion to quash, finding that the State had not attempted to gain a tactical advantage and that the defendants had failed to show sufficient prejudice. The Supreme Court granted writs and reversed this Court's decision on the grounds that the State had failed to timely move for an appeal from the trial court's granting of the motion to quash. State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.