LOMBARD, Judge.
|,The State of Louisiana appeals the March 30, 2009, judgment rendered by the Juvenile Court for the Parish of Orleans, dismissing a petition pursuant to Article 876 of the Louisiana Children’s Code. After review of the record in light of the applicable law and arguments of the parties, we reverse and remand.

Relevant Facts and Procedural History

On February 6, 2008, L.L. was charged by petition in the trial court with allegations of delinquency, charged with one count of possession of marijuana in violation of La. Rev.Stat. 40:966, under case number 2008-037-05-DQ-C. On February 26, 2008, L.L. failed to appear for a pretrial conference and a warrant was issued for his arrest. At the pretrial conference held on December 11, 2008, the warrant for L.L.’s arrest was recalled, L.L. entered a denial of the charged offense, and the trial was set for February 2, 2009.
On February 2, 2009, L.L. appeared for trial but the State orally moved for continuance. In response to the trial court’s denial of its motion, the State dismissed the petition by entering a nolle prosequi. On February 20, 2009, the |2State re-instituted the charge against L.L. under case number 2008-051-06-DQ-C. On March 30, 2009, the matter again came for trial. However, because the state had previously dismissed the case in response to the trial court’s denial of its motion for a continuance, the trial court dismissed the petition against L.L.,[1] stating as follows:
The Court is going to dismiss this matter as it has previously been Nolle Prosequi by the State of Louisiana. The Court did not grant a continuation of the Trial and the re-filing of the petition simply represents the D.A.’s Office giving themselves a continuance in the absence of the Court granting a continuance. Therefore, this matter is dismissed.
The State appeals this decision, arguing that the dismissal of the petition was an abuse of discretion.

Discussion.

Article 876 of the Louisiana Children’s Code provides, in pertinent part, that that “[f]or good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner.” What constitutes “good cause,” i.e., a legally sufficient reason, for dismissal of a juvenile delinquency matter must be determined on a case-by-case basis and must be fully supported by the record. State ex rel. S.R., 2008-0785 p. 4 (La.App. 4 Cir. 10/8/08), 995 So.2d 63, 66. The clear language of Article 876 gives the trial court great discretion in dismissing matters for good cause. State ex rel T.N., 2000-1593, p. 2 (La.App. 4 Cir. 5/23/01), 789 So.2d 73, 74. The only constraint that article 876 imposes is that the trial court “shall dismiss a petition on the motion of the district attorney.” In this case, the trial court dismissed the petition on its own motion.
lain the present case, the dismissal was premised on the State’s decision to reinsti-tute the petition against L.L. after the State entered a nolle prosequi following the denial of the State’s request for a continuance. The State argues that the trial court’s disapproval of its ability to reinstitute prosecution of L.L. is not a legally sufficient reason for dismissal. We agree.
*973 Both this Court and the Louisiana Supreme Court have recognized the State’s authority to enter a nolle prosequi and reinstitute a charge, but have also recognized that it may be overborne under the circumstances of any given case by the defendant’s constitutional right to a speedy trial. See State v. Love, 2000-3347 (La.5/23/03), 847 So.2d 1198; State v. Millet, 2006-2908 (La.App. 4 Cir. 11/8/06), 946 So.2d 196. Moreover, a defendant challenging the State’s nolle prosequi and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Scott, 2004-1142, p. 12 (La.App. 4 Cir. 7/27/05), 913 So.2d 843, 851.
The standard for analyzing a defendant’s claim that his constitutional right to a speedy trial has been violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 531-32, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1972), which is as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right to a speedy trial, and (4) the prejudice to the defendant. State v. Batiste, 2005-1571, p. 7 (La.10/17/06), 939 So.2d 1245, 1250. The initial factor, the length of the delay, is often referred to as the “triggering mechanism” because absent a “presumptively prejudicial” delay, further inquiry into the Barker factors is unnecessary. See State v. Santiago, 2003-0693 (La.App. 4 Cir. 7/23/03), 853 So.2d 671.
|4In State v. Batiste, 2005-1571, p. 5, 939 So.2d at 1249, the Louisiana Supreme Court stated:
A court’s resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. In those cases “where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.” Id.
The delay in the present case was just over twelve months. As the State correctly points out, the State had at least thirty-seven days following the trial setting to bring L.L. to trial pursuant to La. Ch. Code Art. 877(B).[2] The record reflects that the State requested only a single continuance on the day of trial; the State’s request for a continuance was based on the police officers’ failure to appear. In Barker, 407 U.S. at 530, 92 S.Ct. at 2192, the Court comments that “a valid reason, such as a missing witness, should serve to justify appropriate delay.” It is also apparent from the record that the delay in this matter is partially attributable to L.L.’s failure to appear. Moreover, L.L., who was not incarcerated during the delay, has not alleged, nor does the record support, a finding of prejudice caused by the delay.
Finally, no intentional delay on the State’s part to gain a tactical advantage has been shown. There is no indication that the State dismissed and reinstituted the charges for the purpose of avoiding the statutory time limitations or depriving L.L. of his right to a speedy trial. Thus, viewing the record as a whole, we find that *974 the decision to dismiss the petition was an abuse of discretion warranting reversal.
| ¡¡Conclusion
For the foregoing reasons, we reverse and remand for further proceedings.
REVERSED AND REMANDED.

. Judgment was rendered from the bench. The record does not include a written judgment of the dismissal.

. La. Ch.Code. art. 877(B) states: "If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.”