JAMES F. McKAY III, Judge.
 

 hThe State appeals the ruling of the trial court granting the defendant’s motion to quash the bill of information. We find that the trial court abused its discretion. Accordingly, we vacate its ruling, reinstate the charges and remand the matter for further proceedings consistent with the following opinion.
 

 STATEMENT OF THE CASE
 

 On June 29, 2007, the State filed a bill of information charging the defendant, Johnnie L. Johnson, with possession of a stolen automobile in violation of La. R.S. 14:69(A). The defendant appeared for arraignment on August’ 2, 2007 and entered a plea of not guilty. On August 16, 2007, defense counsel filed motions to suppress the evidence, the statement, for a preliminary hearing and for discovery. On August 29, 2007, defense counsel filed a motion to continue the hearing on the motions, which was granted. On September 20, 2007, the trial court denied the motions to suppress the evidence and the statement, and it found probable cause to hold defendant for trial. Trial was set for November 28, 2007 but was continued on motion of the State. A pre-trial conference was set for January 7, 2008; the court cancelled the hearing and reset it for February 7, 2008. Trial was set for March 19, 2008 but was cancelled by the court; a pre-trial ^conference was set for April 2, 2008. On April 2, 2008, defense counsel failed to appear for the pre-trial conference. The defendant’s trial was set for April 29, 2008; the court cancelled the trial date and reset the trial for June 4, 2008; that date was cancelled by the court and reset for July 2, 2008 and subsequently reset for July 8, 2008. Both of these trial dates were subsequently can-celled by the court as set in error. On June 23, 2008, defense counsel filed a motion for subpoena duces tecum, which was granted. The return date for the subpoena duces tecum was set for July 17, 2008; defense counsel filed a motion to compel production of the documents requested in the subpoena duces tecum to the New Orleans Police Department’s custodian of records. The motion was granted and a return date and rule to show cause was set for July 25, 2008; these matters were not conducted on that date. A pre-trial conference was set for August 28, 2008 and continued to September 5, 2008 for failure to serve the defendant. Three additional pre-trial conference dates were continued, two by the court and one by the defense. Trial was set for January 22, 2009. On that date, defense counsel filed a motion to dismiss which was amended to a motion to quash the bill of information for failure of the police department to fully comply with the subpoena duces tecum. Following a hearing on the motion to quash the trial court granted the motion.
 
 *1169
 
 The State objected and noted its intent to file an appeal. On January 29, 2009, the State filed a motion for an appeal and designation of the record; a return date for the subpoena duces tecum was set for March 13, 2009 and subsequently reset for April 13, 2009. On March 4, 2009, the State filed the appeal.
 

 STATEMENT OF THE FACTS
 

 The facts surrounding the defendant’s arrest, which can be adduced from the instant case, are limited to what is stated in the bill of information. On May 11, |s2007, the defendant did illegally and intentionally procure, receive, possess or conceal a thing of value, to wit: A 2000 Pontiac Firebird, valued in excess of five hundred dollars, belonging to Jane Peterson, which said thing of value had been theretofore the subject of a theft, under circumstances which indicate the said Johnnie L. Johnson and the said Roland Reed knew, or had a good reason to believe that the aforesaid thing of value was the subject of a theft.
 

 DISCUSSION
 

 In a sole assignment of error, the State maintains that the trial court abused its discretion in granting the defendant’s motion to quash the bill of information. Specifically, the State argues that the motion was not granted pursuant to any of the procedural grounds enumerated in Louisiana Code of Criminal Procedure articles 532 and 534.
 

 Article 532 of the La. C. Cr. P. enumerates nine grounds on which a motion to quash may be based. They are as follows:
 

 (1) The indictment fails to charge an offense which is punishable under a valid statute.
 

 (2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such a ease the court may permit the district attorney to amend the indictment to correct the defect.
 

 (3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
 

 (4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
 

 (5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
 

 (6) Trial for the offense charged would constitute double jeopardy.
 

 (7) The time limitation for the institution of prosecution or for the commencement of trial has 14expired.
 

 (8) The court has no jurisdiction of the offense charged.
 

 (9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
 

 In addition, Article 534 of the La. C. Cr. P. provides that a motion to quash a bill of information may also be based on one or more of the following grounds:
 

 (1) The information was not signed by the district attorney; or was not properly filed.
 

 (2) The offense is not one for which prosecution can be instituted by an information.
 

 The defendant counters that in addition to the grounds enumerated in articles 532 and 534, there may be additional grounds upon which a motion to quash can be based.
 

 
 *1170
 
 A motion to quash may be based on a finding that the district attorney has flaunted his authority by unjustifiably dismissing and reinstating the charges at the defendant’s expense such as to put the defendant at risk of losing witnesses.
 
 State v. Batiste,
 
 2005-1571 (La.10/17/06), 939 So.2d 1245;
 
 State v. Millet,
 
 2005-1122 (La.App. 4 Cir. 11/8/06), 946 So.2d 196. A motion to quash is also the remedy used for the violation of a defendant’s constitu tional right to a speedy trial.
 
 State v. Scott,
 
 2004-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843. In
 
 State v. Tanner,
 
 425 So.2d 760 (La.1983), the Louisiana Supreme Court granted a motion to quash, not based on any grounds enumerated in Arts. 532 and 534, but on the ground that the state breached its agreement with the defendant to accept the grand jury’s decision whether to prosecute the defendant. The Court found that this ground was properly raised by a motion to quash and referenced La. C. Cr. P. art. 531.
 
 [1]
 
 Thus, the State’s ^argument that the district court erred in granting the motion to quash absent one of the enumerated grounds in arts. 532 and 534 is not supported by the jurisprudence.
 

 In the instant case, the defendant asserts that the motion to quash was properly granted because the failure of the State to fully comply with the subpoena duces tecum violated his constitutional right to present a defense. He argues that he made numerous requests for the discovery material critical to his defense strategy but was thwarted by the state’s unjustified delay and partial compliance. The defendant asserts that he gave a copy of the subpoena duces tecum to the State prior to filing the subpoena, contacted the assistant district attorney to help in obtaining the documents, contacted the custodian of records for the New Orleans Police Department and filed a motion to compel. He further argues that the district court has a right to enforce its orders and control
 
 its
 
 courtroom and that this responsibility frequently included the exercise of discretion when deciding whether to grant or deny a motion to quash. He further asserts that the district court gave the State ample time to comply with the court’s numerous orders commanding production of the documents, but that the State failed to comply and gave no justification for the failure to comply.
 

 In
 
 State v. Van Winkle,
 
 94-0947, pp. 5-6 (La.6/30/95), 658 So.2d 198, 201-202, the Court discussed a defendant’s right to present a defense:
 

 A criminal defendant has the constitutional right to present a defense. U.S. Const. amend. 6; La. Const. Art. 1 § 16;
 
 Washington v. Texas,
 
 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967);
 
 State v. Gremillion,
 
 542 So.2d 1074 (La. 1989);
 
 State v. Vigee,
 
 518 So.2d 501 (La.1988).
 

 The right of a defendant to compulsory process is the right to demand subpoenas and the right to have those subpoenas served. This right is embodied in both the federal and state constitutions and in this state’s statutory law.
 
 State v. Duplessis,
 
 2000-2122 (La.App. 4 Cir. 3/28/01), 785 So.2d 939;
 
 State v. Lee,
 
 446 So.2d 334 (La.App. 4 Cir.1984); United States Constitution, Amendment 6; La. Const. Art. I, sec. 16 (1974); La. C. Cr. P. art. 731. However, this right does not exist in a vacuum, and a defendant’s inability to obtain service of requested subpoenas will not be grounds for reversal of his conviction or new trial in each and every
 
 *1171
 
 case.
 
 State v. Nicholas,
 
 97-1991 (La.App. 4 Cir. 4/28/99), 735 So.2d 790. A defendant must show that the failure to comply with the requested subpoena caused prejudicial error. In the case of an absent witness, a defendant must demonstrate that the testimony of the absent witness is vital, would be favorable to his defense, and would indicate the possibility of a different result.
 
 State v. Peterson,
 
 619 So.2d 786 (La.App. 4 Cir.1993); see also,
 
 State v. Green,
 
 448 So.2d 782 (La.App. 2 Cir.1984).
 

 In granting the motion to quash the trial comt stated:
 

 BY THE COURT:
 

 So, the motion to quash is granted.
 

 And I find that it is not only this case, it has been happening repetitively.
 

 And, the counsel that is here right now for the State from a matter the other day, we had the same problem. We had to get the people from over there _we had to get the Chief to come here to get documents.
 

 They just throw anything together and just give it to you, and they don’t listen to the Order.
 

 So, in order for the system to work, it has to be known that there is going to be a consequence if they don’t do what they are ordered 17to do.
 

 Here, the defendant did not inform the district court of his anticipated defense, how the missing material discovery information requested in the subpoena duces tecum would be favorable to his defense or how it would indicate the possibility of a different result.
 

 Although each of the cited cases considered the issue on appeal, their reasoning is applicable to this case. Using the same reasoning applied to the absence of a witness articulated in
 
 Nicholas
 
 to the instant case, the defendant has failed to show that the missing documents are so essential to his defense that his constitutional right has been violated.
 

 Article 729.5 provides the district court with the options when non-compliance with discovery occurs. These options do not include the legal power to quash the bill of information.
 

 La. C. Cr. P. art. 729.5 provides:
 

 A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate, (emphasis added)
 

 B. In addition to the sanctions authorized in Part A hereof, if at any time prior or subsequent to final disposition the court finds that either the state through the district attorney or assistant district attorney or the defendant or his counsel has willfully failed to comply with this Chapter or with an order issued pursuant to this Chapter, such failure shall be deemed to be a constructive contempt of court.
 

 An appellate court is allowed to reverse an abuse of the trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s ^discretion.
 
 State v. Love,
 
 2000-3347 (La.5/23/03), 847 So.2d 1198. Accordingly, we find that the trial court abused its discretion in quashing the bill of information. Therefore, the trial court’s ruling is hereby vacated, the charges reinstated,
 
 *1172
 
 and the matter remanded for further proceedings consistent with this opinion.
 

 VACATED AND REMANDED.
 

 BELSOME, J., dissents with reasons.
 

 | lawful trial court orders may not be ignored with impunity. For nearly seven months, the prosecution failed to provide discovery materials
 
 [1]
 
 to Defendant, despite being ordered by the court to do so.
 
 [2]
 
 As a result, Defendant’s constitutional right to prepare a defense was greatly impacted. Therefore, this writer cannot agree that the trial court abused its discretion in granting Defendant’s Motion to Quash.
 

 [ 2The majority found that the trial court abused its discretion because Defendant failed to establish that the missing discovery was so essential to his defense that his rights had been violated. As the majority acknowledged, every criminal defendant has a constitutional right to present a defense. U.S. Const. Amends. VI and XIV; La. Const. Art. I, § 16;
 
 State v. Van Winkle,
 
 94-0947, pp. 5-6 (La.6/30/95), 658 So.2d 198, 201-02. This constitutional right includes the ability to conduct an investigation.
 
 Kimmelman v. Morrison,
 
 477 U.S. 365, 384, 106 S.Ct. 2574, 2588, 91 L.Ed.2d 305 (1986). In this case, numer
 
 *1173
 
 ous court appearances were made in attempt to secure the documents sought; a motion to compel was filed; and Defendant gave the State a courtesy copy of his request for documents before filing same into the record. The State, however, repeatedly ignored orders from the trial court to produce these documents, thereby thwarting Defendant’s constitutional right to prepare a defense.
 

 Moreover, the State’s blatant disregard for the court’s orders also interfered with the court’s management of its docket. The Louisiana Supreme Court has recognized that “[a] trial judge has a responsibility to control the district court over which he presides.”
 
 State v. Love,
 
 2000-3347, p. 11 (La.5/23/03), 847 So.2d 1198, 1207 (citing La.Code of Crim. Proc. art. 17 [“A court ... has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done.”]). The Court further acknowledged that such a responsibility “frequently includes the exercise of discretion when deciding whether to grant or deny a motion to quash, and the duty to make reasonable rulings that protect the rights of defendants, without placing unnecessary limits on the State’s ability to prosecute cases.”
 
 Love,
 
 847 So.2d at 1207.
 

 ^Additionally, this writer finds that Nicholas
 
 [3]
 
 and Green
 
 [4]
 
 are distinguishable from the facts of the instant case. In each of those cases, the defendant was appealing his conviction and had the burden of showing prejudicial error by establishing that an absent witness would indicate the possibility of a different result.
 
 [5]
 

 In this case, the trial court allowed the State every opportunity to provide Defendant the discovery he sought. Without justification, the State continually flaunted the court’s orders, impeding Defendant’s preparation of his defense and, ultimately, causing a delay of his trial date. This Court has recognized that when a Defen
 
 *1174
 
 dant’s right to a speedy trial has been violated, a motion to quash is an appropriate remedy.
 
 State v. Scott,
 
 2004-1142 (La. App. 4 Cir. 7/27/05), 913 So.2d 843. Therefore, considering the numerous failures of the State to comply with the subpoena, which delayed and impaired Defendant’s constitutional right to present a defense,
 
 [6]
 
 this writer cannot agree that the trial court committed an abuse of discretion.
 
 [7]
 
 I must respectfully dissent.
 

 [1]
 

 . La. C. Cr. P. art. 531 provides that all pleas or defenses raised before trial, other than mental capacity to proceed, or pleas of "not guilty” and "not guilty by reason of insanity,” shall be urged by a motion to quash,
 

 [1]
 

 . Defendant’s subpoena requested the National Crime Information Center report conducted on May 11, 2007 between the hours of 10:00 a.m. and 3:00 p.m. under item numbers E-12576-07 and E-12476-07; the Mobile Data Terminal report conducted on May 11, 2007 between the hours of 10:00 a.m. and 3:00 p.m. for the same item numbers, the incident recall report for the same item numbers, the radio dispatch records and tapes for the same item numbers, any and all mugshots of Defendant taken on May 11, 2007, and any and all incident and supplemental police reports. Defendant did not receive the Mobile Data Terminal report, the incident recall report, or any and all mugshots of Defendant taken on May 11, 2007.
 

 [2]
 

 . The record reflects that on June 20, 2008, counsel for Defendant filed courtesy copies of his subpoena duces tecum to the New Orleans Police Department Custodian of Records in an effort to expedite his request. Defendant submits that before filing the courtesy copies, he spoke extensively with administrators at the Custodian of Records regarding the requested documents. Defendant filed his subpoena with the court on June 23, 2008, at which time the trial court granted his request and ordered the State (through the New Orleans Police Department Custodian of Records) to produce the items by no later than 5:00 p.m. on Friday, June 27,
 
 2008.
 
 At this time, trial was set for July 8, 2008. Because Defendant had not received the requested documents as ordered by the court, he filed a Motion to Continue Trial on July 3, 2008.
 

 The trial court reset Defendant's trial date for August 19, 2008 and ordered the production of the documents by July 17, 2008 by resetting the return date for the subpoena duces tecum. Because Defendant did not receive the documents by that date, on July 17, 2008, he filed a Motion to Compel, noting that the records had not been produced on June 27, 2008, as ordered by the court, and that nearly a month after the order, the documents again were not produced on July 17, 2008 as ordered by the court. The trial court granted Defendant's Motion to Compel, ordering the State to produce, in its entirety, the documents requested by Defendant on Friday, July 25, 2008. On July 25, 2008, the State again failed to produce the items.
 

 Subsequent to these repeated failures by the State to comply with the court's orders, three pretrial conferences were scheduled and reset by the trial court either because Defendant was not served or by the court's own motion. Ultimately, on October 24, 2008, the court set a January 22, 2009 trial date. As of January 22, 2009, Defendant had not received all of the requested items, which he maintained were crucial to his defense and thus necessary for trial preparation. Accordingly, Defendant filed a Motion to Quash the Bill of Information on that date, arguing that the State's blatant disregard for the court's orders had impacted Defendant’s constitutional right to due process, to present a defense, and to a speedy trial. On January 22, 2009, after hearing arguments, the trial court granted Defendant’s Motion to Quash, noting that the repeated failure to produce the documents was contemptuous.
 

 [3]
 

 . In
 
 Nicholas,
 
 this Court found that the trial court did not abuse its discretion in denying the defendant’s motion to continue and motion for new trial based on the unavailability of witnesses because Defendant had previously indicated that he had no need for said witnesses.
 
 State v. Nicholas,
 
 97-1991, p. 19 (La.App. 4 Cir. 4/28/99), 735 So.2d 790, 799-800. Accordingly, this Court determined that the absent witnesses would not have created reasonable doubt of defendant's guilt in the mind of any reasonable juror.
 
 Id.
 

 [4]
 

 . In
 
 Green,
 
 the Second Circuit considered whether the defense exercised due diligence in attempting to obtain the presence of a witness.
 
 State v. Green,
 
 448 So.2d 782, 787 (La.App. 2d Cir. 1984). Finding no prejudicial error, the Court reasoned:
 

 In the instant case the failure of the defense to issue a subpoena for Robeaux’ presence prior to trial and the failure to issue a second subpoena after being granted a continuance at the first hearing on the motion for new trial cannot be said to be an exercise of due diligence. There was no showing that the witness was made unavailable due to the suggestion, procurement, or negligence of the state and, therefore, the state’s actions did not contribute substantially to the witness’s failure to appear. Furthermore, particularly as it relates to the motion for new trial, there has been no showing as to what testimony the witness might give which would be favorable to the defendant and which would indicate the possibility of a different result if the witness were to testify. We find no prejudicial error related to the absence of the witness Robeaux.
 

 Id.
 

 [5]
 

 . Likewise,
 
 State v. Peterson
 
 is distinguishable from the facts of the instant case. In
 
 Peterson,
 
 this Court found that the trial court did not abuse its discretion in denying Defendant’s motion to continue based upon an absent witness when the defense indicated in the first trial (which resulted in a mistrial) that the witness was not needed, and affirmed the defendant’s conviction and sentence.
 
 State v. Peterson,
 
 619 So.2d 786, 790 (La.App. 4 Cir. 1993).
 

 [6]
 

 . "The need to develop all relevant facts in the adversary system is both fundamental and comprehensive."
 
 United States v. Nixon,
 
 418 U.S. 683, 709, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974). It follows that "[t]he ends of criminal justice would be defeated if judgments were found on a partial or speculative presentation of the facts.”
 
 Id.
 

 [7]
 

 . It is well-settled that the abuse of discretion standard is highly deferential.
 
 Love,
 
 847 So.2d at 1209.