ROLAND L. BELSOME, Judge.
11 This appeal is taken from the trial court’s granting of a motion to quash; For the reasons that follow we find the trial court abused its discretion and reverse.
The defendant, Dominique Jones, was originally charged by bill of information on October 15, 2009, with the attempted armed robbery of Ray Richardson and by a second bill of information charged with the attempted second degree murder of Ray Richardson. • ■
On March 23, 2015, after the State had nolle prosequied and reinstituted the charges twice, the defendant filed a motion to quash asserting that the' defendant had not been brought to trial timely in accordance with La.C.Cr.P. art. 578. The trial court granted the motion.

Assignment of Error

The State contends, in its'sole assignment of error, that the. trial court abused its discretion when it granted the *1114 defendant’s motion to quash the bill of information based on the time delays provided for ,in La. C.Cr.P. art. 578.[1]
lain non-capital felony cases, such as this, the State has two years from the reinstitution of prosecution to commence trial, barring any interruption or suspension of the time delay.[2] The time limitations provided for in article 578 are subject to the rules of interruption and suspension as set forth in articles 579[3] and 580[4]. Although at the time that the motion to quash was filed, approximately five Land one-half years had elapsed from the time of. the offense, the ■ State was still within the six year time period set forth in La. C.Cr.P. art. 572(A)(1).[5]

First Prosecution

In October, 2009 the defendant was charged by two bills of information for Crimes committed in'September 17, 2009. *1115 The defendant pled not guilty and trial was set for January 26, 2010. On the day of trial, the State entered a nolle prosequi, in both cases.[6]

Second Prosecution

The charges were reinstituted against the defendant on July 1, 2010. The defendant was arraigned on October 8,2010 and entered a plea of not guilty.[7] Trial was set for February 16, 2011. On the morning of trial the trial court continued the matter providing a new trial date of May 10, 2011. On May 10, 2011, the defendant appeared for trial without counsel. The State moved to continue the trial. The trial was continued until July 26,2011.
| ¿Subsequent to the defendant’s May 10, 2011 appearance in court, the State filed a motion to determine the defendant’s mental condition. After the necessary procedures, the trial court concluded on August 18, 2011, that the defendant was competent to proceed and a trial date of October 11, 2011 was set. On the day of trial, the State informed the trial court that the victim, Ray Richardson, was incarcerated in Angola Penitentiary and did not wish to go forward with the prosecution of the defendant, and the State nolle prosequied the charges.

Third Prosecution

On January 15, 2015, the State once again reinstituted proceedings against the defendant in the present case, by filing a two-count bill of information charging the defendant with attempted armed robbery of Ray Richardson and the attempted second degree murder of Ray Richardson, on September 17, 2009.. A motion to quash was filed by the defendant and a hearing was had, on April 6, 2015. On May 12, 2015, the trial court, by written judgment and without reasons, granted the motion to quash.

Discussion

:At the April 6, 2015, hearing on the defendant’s motion to quash the bill of information, defense counsel argued that the State failed to bring the defendant to trial within two years of instituting prosecution as required by La. C.Cr.P. art. 578.[8]
A motion to quash is the proper procedural mechanism to challenge the State’s nolle prosequi and reinstitution of charges.[9] A trial court’s ruling on & 1 (¡motion to quash is á discretionary one, which should not be disturbed absent a clear abuse of discretion.[10] The trial court’s resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges must be decided on a case-by-case basis.[11] It is well-settled that the State has the authority to enter a nolle prosequi and reinstitute the chargé.[12] Thus, subject *1116 to narrowly delineated exceptions, dismissal of a prosecution “is not' a bar to a subsequent prosecution.” La. C.Cr.P. art. 693.[13]
The Louisiana Supreme Court in State v. Batiste, found that the district attorney was not flaunting his authority at the expense of the defendant by entering a nolle prosequi when the victim was not present for trial and wavered in her commitment to go forward.[14] Likewise, in this case, there is no indication the State had nolle prosequied the charges in an effort to flaunt its authority or to avoid the time limitations established by .La. C.Cr.P. art 578. Nor does -the record establish that the State nolle prosequied the charges in response to the denial of a continuance by the trial court.[15]
| ^Similar to the Batiste case, the State asserts, and the defendant does not dispute, it initially dismissed the'prosecution when the victim did not appear for trial and his whereabouts were unknown. When the whereabouts of the victim were determined, the State reinstituted the charges against the defendant. When the victim.wavered in his commitment to testify, the State again entered a nolle prose-qui. The State maintains that the victim is no longer incarcerated and has expressed a desire to cooperate in the prosecution of the defendant.
Based on the record before this Court, the defendant’s contention that the two year time limitation under article 578 had expired is incorrect. Accordingly, we find that the trial court abused its discretion in granting the motion since the two year time period for the State, to prosecute the reinstated charges had not yet elapsed.

Conclusion

Accordingly, for the reasons stated above, this Court reverses the trial court’s ruling which granted the defendant’s motion to quash.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

. A, Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution' of the prosecution:
(2) In other felony cases after two years
from the date of institution of the prosecution; and ,
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
B. The offense charged shall determine the applicable limitation.

. State v. Roach, 10-991, p. 7 (La.App. 1 Cir. 12/22/10), 68 So.3d 558, 562; La. C.Cr.P. art 578(A)(2).

. Art. 579. Interruption of time limitation
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at ány time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state,' or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the . state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of, interruption no longer exists.
C. If the defendant fails to appear in court pursuant to any provision of this Article and the defendant is subsequently arrested, the periods of limitations established by Article 578 of this Code shall not commence to run anew until the defendant appears in person in open court where the case on the original charge is pending, or the district attorney prosecuting the original charge has notice of the defendant’s custodial location. For purposes of this Paragraph, "notice” shall mean either of the following:
(1) Filing in the court record by either the ■ defendant or his counsel advising-the court qf his incarceration with a copy provided to the district attorney and certification of notice provided to the district attornéy.
(2) Following the seventy-two hour hearing provided by Article 230.1 of this Code, actual notice of arrest is provided to the district attorney and filed in the record of the proceeding of which the warrant against the defendant was issued.

. Art. 580. Suspension of time limitations
A. When a defendant flies a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
B. " The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709.

. The defendant was charged by bill of information with committing attempted armed robbery a violation of La. R.S. 14(27)64 and attempted second degree murder a violation of La. R.S. 14(27)30.1, both crimes are felonies punishable by imprisonment at hard labor. Prosecution for these offenses must be instituted within six years of the commission of the offense. See La. C.Cr.P. aft. 572 A(l),

. The State contends that it could not locate the victim.

. Originally, arraignment was set for July 13, ■ 2010, but the defendant'did not appear. The arraignment was continued to September 27, 2010, and again the defendant did. not appear,

. The only argument raised by the defendant was the violation of La. C.Cr.P. art. 578 and the State’s abuse of its nolle prosequi power. The defendant’s speedy trial rights were not asserted.

. State v. Hayes, 2010-1538, p. 4 (La.App, 4 Cir. 9/1/11), 75 So.3d 8, 12; see also La. C.Cr.P. art. 531.

. State v. Sorden, 2009-1416, p, 3 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 183; State v. Kitchens, 2009-0834, 09-0836, p. 4 (La.App. 4 Cir. 3/24/10), 35 So.3d 404, 406-07; State v. Love, 2000-3347, pp. 9-10 (La.5/23/07), 847 So.2d 1198, 1206.

. State v. Batiste, 2005-1571, p. 5 (La.10/17/06), 939 So.2d 1245, 1249, citing, Love; 2000-3347, p. 14, 847 So.2d at 1209.

. State v. Brown, 2011-0947, p. 4 (La.App. 4 Cir.3/7/12), 88 So.3d 662, 665; Batiste, 2005-1571, pp. 5-6, 939 So.2d at 1249; State v. Millet, 2005-1122, p. 2 (La.App. 4 Cir. 11/8/06), 946 So.2d 196, 198.

. id■

. Id. ■

. In each of the previous prosecutions, without calculating for suspension of time and interruptions afforded by articles 579 and 580, the State was well within the statutory two year time frame to prosecute the case.