939 So.2d 1245 (2006)
STATE of Louisiana
v.
Michael BATISTE.
No. 2005-K-1571.
Supreme Court of Louisiana.
October 17, 2006.
*1247 Charles C. Foti, Jr., Attorney General, Eddie J. Jordan, Jr., District Attorney, Meri M. Hartley, Assistant District Attorney, for applicant.
Loyola Law Clinic, Deborah M. Snead, New Orleans, for respondent.
KIMBALL, Justice.
We granted certiorari to consider whether the district court abused its discretion when it granted defendant's motion to quash the bill of information filed against him after the State entered a nolle prosequi on the date of trial and subsequently reinstituted the proceedings. For the reasons that follow, we find the State had a legitimate reason for entering the nolle prosequi, did not violate defendant's statutory rights, and did not violate defendant's constitutional right to a speedy trial. Consequently, we find the court of appeal erred when it found the district court did not abuse its discretion in granting the motion to quash.

Facts and Procedural History
On November 12, 2002, the State filed a bill of information against the defendant, Michael E. Batiste, charging him with video voyeurism, a violation of La. R.S. 14:283.[1] At his arraignment on December *1248 9, 2002, defendant entered a plea of not guilty. After a hearing on defendant's motions to suppress evidence and a statement regarding the alleged victim, which was held on February 7, 2003, the district court denied both motions.[2] A second hearing on the motions was held on March 14, 2003, and the district court granted the motion to suppress evidence as to the alleged victim. The State objected and declared its intent to seek supervisory writs, and the district court granted the State until April 14, 2003, to file the writ. The State did not file the writ. Instead, it requested that the district court allow it to file a memorandum for reconsideration of its ruling on the suppression issue, and the court approved the request. On June 16, 2003, defendant filed a motion to quash the bill of information, and the district court deferred ruling on the motion to suppress evidence.
On July 15, 2003, defendant again filed a motion to quash, arguing that La. R.S. 14:283 is unconstitutional on grounds of vagueness and overbreadth. On September 9, 2003, the district court deferred ruling on the motion to suppress and the motion to quash until the day of trial. On November 24, 2003, the court denied defendant's motion to suppress evidence and motion to quash the bill of information.
At a status hearing on December 8, 2003, the court set trial for January 28, 2004. On January 13, 2004, the State filed a motion for continuance, which was subsequently granted by the district court. Trial was reset for March 23, 2004. On March 23, 2004, the State entered a nolle prosequi.
On April 16, 2004, the State reinstituted the charge against defendant. At his arraignment on May 25, 2004, defendant pleaded not guilty. On June 7, 2004, defendant filed a motion to quash the reinstituted bill of information, arguing that the State's entering of the nolle prosequi and the reinstitution of the charge violated his speedy trial rights and overrode the trial court's power and discretion by granting itself a previously denied continuance. After a hearing on the motion to quash, the district court quashed the bill of information without explanation.
On appeal, the court of appeal found "no palpable abuse by the trial court" and affirmed. State v. Batiste, 04-1200 (La. App. 4 Cir. 5/11/05), 904 So.2d 766. The court of appeal specifically found the State did not enter the nolle prosequi to avoid statutory time limitations. Id., 04-1200 at p. 3, 904 So.2d at 768. Regarding defendant's constitutional right to a speedy trial, the court of appeal determined the twenty-month delay between the filing of the original bill of information and the granting of defendant's motion to quash was presumptively prejudicial, which necessitated further analysis. The court of appeal found the defendant suffered some prejudice, the *1249 State was more responsible for the delay than the defendant, and the defendant did not object to the delay or file a motion for speedy trial. Noting the difficulty of the case, the court of appeal ultimately determined it could not find palpable abuse on the part of the trial court.
We granted certiorari to consider the correctness of the court of appeal's judgment. State v. Batiste, 05-1571 (La.2/3/06), ___ So.2d ____. Specifically, we intended to look at the court's inherent power to manage its docket, see La.C.Cr.P. art. 17, along with the district attorney's right to control the criminal prosecutions instituted in his district, see La.C.Cr.P. art. 61. We find, however, that we need not reach this issue because there was a legitimate reason for the State to enter the nolle prosequi that was not based upon a struggle between the powers of the court and the prosecution or for the purpose of avoiding the time limitation for commencement of trial established by Article 578.

Discussion
Article 691 of the Louisiana Code of Criminal Procedure confers on the district attorney the power to dismiss a formal charge, in whole or in part, and provides that leave of court is not needed. La. C.Cr.P. art. 693 expressly provides, subject to narrowly delineated exceptions, that dismissal of a prosecution "is not a bar to a subsequent prosecution. . . ." The general limit imposed by the legislature on the discretion of the State under La.C.Cr.P. art. 691 to dismiss a prosecution without the consent of the court is that the dismissal of the original charge is "not for the purpose of avoiding the time limitation for commencement of trial established by Article 578." La.C.Cr.P. art. 576. La. C.Cr.P. art. 578(2) requires that trial of a non-capital felony be commenced within two years from the date of institution of the prosecution.
A court's resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. In those cases "where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation." Id. In this case, however, there is no indication that the district attorney was flaunting his authority at the expense of the defendant. Rather, the record indicates a nolle prosequi was entered because the victim was not present for trial and was wavering in her commitment to going forward with the case.
Additionally, we note the record reveals that on the March 23, 2004, trial date, the State did not enter a nolle prosequi after its request for a continuance was requested and denied. Instead, the prosecutor dismissed the prosecution without requesting a continuance.[3] While there may be a *1250 serious issue as to whether the district court or the prosecutor ultimately controls the docket in certain instances, we need not reach this issue because it is apparent there was a legitimate reason for the nolle prosequi in this case.
Clearly, the dismissal of the prosecution was not for the purpose of avoiding the time limitation for commencement of trial established by La.C.Cr.P. art. 578. Nevertheless, defendant argues, and the court of appeal found, that defendant's constitutional right to a speedy trial was violated. The constitutional right to a speedy trial is imposed upon the states by the Due Process Clause of the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967). The underlying purpose of this constitutional right is to protect a defendant's interest in preventing pretrial incarceration, limiting possible impairment of his defense, and minimizing his anxiety and concern. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). The Supreme Court has set forth the following four factors for courts to consider in determining whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of his right to speedy trial; and (4) the prejudice to the accused resulting from the delay. Id. at 531-532, 92 S.Ct. at 2192-93; see also State v. Reaves, 376 So.2d 136 (La.1979) (adopting Barker factors). The specific circumstances of a case will determine the weight to be ascribed to the length of and reason for the delay because "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." Reaves, 376 So.2d at 138 (quoting Barker, 407 U.S. at 531, 92 S.Ct. at 2192).
In the instant case, approximately 19 months elapsed between the filing of the original bill of information and the granting of the defendant's motion to quash. However, the reasons for the delay cannot be placed solely upon the State. As Judge Cannizzaro pointed out in his dissent from the court of appeal's decision, approximately 10 months, from January 24, 2003, until November 24, 2003, were spent on motion hearings initiated by the defendant. Batiste, 904 So.2d at 772 (Cannizzaro, J. dissenting). In addition, from June 16, 2003, until November 24, 2003, the trial court had the defendant's motion to quash under advisement. Furthermore, the record reveals no intentional delay on the State's part for the purpose of gaining a tactical advantage.
Regarding the third Barker factor, defendant did not assert his right to a speedy trial until he raised the issue in his motion to quash the bill of information after the charge was reinstituted.[4] Finally, the last factor to be considered is whether the delay prejudiced the defendant. In support of this argument, the defendant claimed he had to endure the stigma of the instant charge for 20 months and that he suffered from the anxiety involved with a *1251 criminal prosecution. He further claimed that he was fired from his job in New Orleans and was only able to obtain a new job in Florida; consequently he was inconvenienced by having to travel for court appearances. However, there was no suggestion that his defense was ever impaired by the delays of his prosecution. In addition, the defendant's presence was waived at a majority of the court proceedings. Defendant was not incarcerated during the 20-month period. Against this backdrop, it is clear that, after reviewing the Barker factors, the State's action did not deny the defendant his right to a speedy trial, or otherwise cause specific prejudice to his defense.
Under the specific facts presented by this case, we find the district court abused its discretion in granting defendant's motion to quash the bill of information. The record indicates the State entered a nolle prosequi because the victim was not present for trial and was unsure whether she wanted to go forward with her testimony. The State did not violate any of the time constraints imposed by statutory law. Finally, defendant's constitutional right to a speedy trial was not violated. Consequently, the court of appeal erred in affirming the judgment of the district court.

DECREE
For the reasons explained above, the district court abused its discretion in granting defendant's motion to quash the bill of information, and the court of appeal erred in affirming the district court's judgment. The judgments of the lower courts are reversed, and the matter is remanded to the district court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
CALOGERO, C.J., and JOHNSON and WEIMER, JJ., dissent and assign reasons.
CALOGERO, Chief Justice, Dissenting:
The ruling of the district court, affirmed by the court of appeal, was well within the district court's discretion.
JOHNSON, J. dissenting and assigning reasons:
This case involves a novel issue and appears to be one of the first cases of video voyeurism in Orleans Parish. The majority concludes that the district attorney did not abuse his authority in entering this nolle prosequi, but simply did so in response to a reluctant witness who was unsure that she wanted to go forward with her complaint.
The transcript of the June 23, 2004 hearing on the Motion to Quash shows that the court and the parties were all well aware of the victim's reluctance to go forward. This was nothing new. The State requested additional time for supervisory writs, requested rehearings of motions, requested continuances of the trial date, then utilized its authority to nolle prosequi when it was still unprepared for trial, after a third setting.[1]
The District Attorney has broad discretion in both the institution and handling of criminal prosecutions. See, LSA-C.Cr.P. art. 61.[2]State v. Kibodeaux, (La.App. 1 Cir.1983), 435 So.2d 1128. Although the district attorney's discretion is broad, it is not absolute. Pursuant to LSA-C.Cr.P. *1252 art. 17, the courts possess "all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders." The district court, in the exercise of its jurisdiction, has the obligation to manage the docket and to conduct criminal proceedings with dignity, order, and in an expeditious manner in order to preserve justice. Id.
The granting of a defendant's motion to quash the bill of information is a discretionary ruling by the trial court, and absent abuse, the ruling should not be disturbed by the appellate court. See, State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, 1204.
According to LSA-R.S. 14:283, a first time offender charged with video voyeurism may be fined not more than $2,000 or subject to imprisonment with or without hard labor for no more than 2 years or both. LSA-R.S. 14:283(B)(1). With regard to this felony offense, LSA-C.Cr.P. art. 578 provides that the State must commence trial within two years from the date of institution of the original prosecution.
There are many instances when the State acted within the time limitation, but jurisprudence has deemed the delay as unreasonable and "presumptively prejudicial." In State v. Reaves, 376 So.2d 136 (La.1979), the defendant was charged with possession of one marijuana cigarette, a simple misdemeanor offense. The trial was continued four times in the three and one-half months after charges had been filed. On the fourth trial date, the State moved for a continuance because its principal witness was absent. The trial court denied the continuance, and the State entered a nolle prosequi. The State then filed a new bill of information, which the defendant moved to quash on the basis that he had been denied his right to a speedy trial. The trial court granted the motion, and this Court affirmed the lower courts' rulings.
In State v. Leban, 611 So.2d 165 (La. App. 4th Cir.1992), writ denied, 619 So.2d 533 (La.1993), the defendant was charged with simple arson. The trial was continued eight (8) times in the sixteen (16) months after the charges had been brought. On the eighth trial date, the State moved for a continuance in order to identify and locate a witness it had known about for some time. The trial court denied the continuance, and the State entered a nolle prosequi. The State subsequently filed a new bill of information and the defendant moved to quash based on the denial of his right to a speedy trial. The trial court granted the motion. The court of appeal affirmed the trial court's decision noting that the majority of the continuances were at the request of the State.
In State v. Firshing (La.App. 4 Cir., 9/16/93), 624 So.2d 921, the defendant, who was charged with simple burglary, filed a Motion to Quash the fourth bill of information on speedy trial grounds. The trial court granted the Motion. The trial court criticized the State's practice of entering a nolle prosequi as a response to the court's denial of the motion to continue, suggesting that the District Attorney was "wearing two hats-one of prosecutor and the other as Judge" where he used the nolle prosequi to accomplish his continuances. The court noted that a seventeen (17) month delay between the filing of the original bill of information, and the granting of the motion to quash, violated defendant's speedy trial rights.
In my opinion, the delay in prosecution was presumptively prejudicial to the defendant, since the defendant appeared in court with his witnesses, prepared for trial, and the matter was continued on at least three occasions. Although the defendant was not incarcerated during the 19-month period, he was prejudiced by the delay of *1253 his prosecution. Prior to his arrest at his place of employment, defendant was gainfully employed in New Orleans. After his arrest, he was terminated and forced to seek employment out of state. The defendant suffered embarrassment, anxiety, unnecessary travel expenses, and loss of income. I believe the trial court was correct in concluding that the district attorney used the nolle prosequi and re-filed the bill of information to grant itself a continuance. For these reasons, I would affirm the lower courts' rulings, which granted the defendant's Motion to Quash.
WEIMER, J., dissenting.
I respectfully dissent.
In effect, the majority opinion enables the state to "grant itself a continuance" by using the authority to nolle prosequi. Now, rather than asking for a continuance[1] and risking that the request would be denied, the state can enter a nolle prosequi.
This matter had previously been set for trial and continued at the State's request. On the date the matter was reset for trial, without providing any advance notice to the defense or the court, the State appeared and entered a nolle prosequi.[2]
The defendant filed a motion to quash the new indictment. At the motion to quash, the State had the burden to establish that the defendant was not prejudiced by the nolle prosequi and reinstitution of the prosecution. See State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, (Weimer, J., concurring in part, dissenting in part):
When the State dismisses charges within seven days of trial and thereafter reinstitutes the charges, the State should have the burden to establish the defendant was not prejudiced. Imposing such a burden on the State would strike an equilibrium between the statutory authority of the District Attorney and the court and ensure the District Attorney has not abused the authority. Such a requirement should not be considered a limitation on the authority of the District Attorney, but rather a limitation on a potentially abusive practice. This equilibrium between the statutory authority of the court and the District Attorney was recognized in State v. Frith, 194 La. 508, 518, 194 So. 1, 4 (1940). [Footnote omitted.]
Id. 00-3347 at 4-5, 847 So.2d at 1215.
The record does not reflect the State met this evidentiary burden.
I note the court of appeal majority, upon review of this record, found there was no abuse of discretion by the trial court in granting the motion to quash. The trial court had the advantage of observing the actions of the State firsthand in determining whether the State's actions violated the rights of the defendant. During the hearing on the motion to quash in an exchange between the trial court and the State, the *1254 State conceded that the court had been very patient and lenient with the State's dilatory actions and had granted all prior requests for continuances.
I would find the trial court did not abuse its discretion in quashing the bill of information.
NOTES
[1] La. R.S. 14:283 provides:

A. Video voyeurism is:
(1) The use of any camera, videotape, photo-optical, photo-electric, or any other image recording device for the purpose of observing, viewing, photographing, filming, or videotaping a person where that person has not consented to the observing, viewing, photographing, filming, or videotaping and it is for a lewd or lascivious purpose; or
(2) The transfer of an image obtained by activity described in Paragraph (1) of this Subsection by live or recorded telephone message, electronic mail, the Internet, or a commercial online service.
B.(1) Except as provided in Paragraphs (3) and (4) of this Subsection, whoever commits the crime of video voyeurism shall, upon a first conviction thereof, be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than two years, or both.
(2) On a second or subsequent conviction, the offender shall be fined not more than two thousand dollars and imprisoned at hard labor for not less than six months nor more than three years without benefit of parole, probation, or suspension of sentence.
(3) Whoever commits the crime of video voyeurism when the observing, viewing, photographing, filming, or videotaping is of any vaginal or anal sexual intercourse, actual or simulated sexual intercourse, masturbation, any portion of the female breast below the top of the areola or of any portion of the pubic hair, anus, cleft of the buttocks, vulva, or genitals shall be fined not more than ten thousand dollars and be imprisoned at hard labor for not less than one year or more than five years, without benefit of parole, probation, or suspension of sentence.
(4) Whoever commits the crime of video voyeurism when the observing, viewing, photographing, filming, or videotaping is of any child under the age of seventeen with the intention of arousing or gratifying the sexual desires of the offender shall be fined not more than ten thousand dollars and be imprisoned at hard labor for not less than two years or more than ten years without benefit of parole, probation, or suspension of sentence.
C. The provisions of this Section shall not apply to the transference of such images by a telephone company, cable television company, or any of its affiliates, an Internet provider, or commercial online service provider, or to the carrying, broadcasting, or performing of related activities in providing telephone, cable television, Internet, or commercial online services.
D. After the institution of prosecution, access to and the disposition of any material seized as evidence of this offense shall be in accordance with R.S. 46:1845.
E. Any evidence resulting from the commission of video voyeurism shall be contraband.
F. A violation of the provisions of this Section shall be considered a sex offense as defined in R.S. 15:541(14.1). Whoever commits the crime of video voyeurism shall be required to register as a sex offender as provided for in Chapter 3-B of Title 15 of the Louisiana Revised Statutes of 1950.
[2] At the same hearing, the district court also granted motions to suppress the evidence and a statement regarding another victim.
[3] The State mistakenly stated in its brief to this court that it requested a continuance before entering the nolle prosequi. However, the docket master and minute entry from that date indicate only that the defendant appeared for trial and the State entered a nolle prosequi. In the briefs filed in the court of appeal, neither the State nor the defendant mention a continuance being requested and denied before the nolle prosequi was entered. The court of appeal makes no mention of a continuance being requested on March 23, 2004. Furthermore, in his motion and memorandum to quash the bill of information, defendant asserted the State requested a continuance on March 23, 2004, which was denied, before the nolle prosequi was entered. In response to this motion, the State specifically addressed this assertion, stating, "On the second trial setting [March 23, 2004], the State dismissed the charges. There was no motion for continuance filed nor did the trial court deny any such motion." Thus, the record does not support the conclusion that the State requested a continuance before entering the nolle prosequi, and we can only determine that the assistant district attorney, who was not present on March 23, 2004, made an error of fact when stating to the contrary in briefs to this court.
[4] The Barker Court rejected "the rule that a defendant who fails to demand a speedy trial forever waives his right" and adopted instead "the rule . . . that the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right." Barker, 407 U.S. at 528, 92 S.Ct. at 2191.
[1] There is some dispute as to whether there were four trial dates.
[2] LSA-C.Cr.P. art. 61 provides, in pertinent part, that "the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute."
[1] The State indicates in brief that it requested a continuance before entering the nolle prosequi.
[2] The practice of the State "granting itself a continuance" via a nolle prosequi after the trial court denies the State's motion for a continuance has been the source of growing concern. See, e.g., State v. Carter, 02-1279 (La.App. 4 Cir. 1/29/03), 839 So.2d 390; State v. Larce, 01-1992, (La. App 4 Cir. 1/23/02), 807 So.2d 1080, writ denied, 02-0335 (La.10/3/03), 855 So.2d 293; State v. Henderson, 00-0511 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138; State v. Pham, 97-0459 (La. App. 4 Cir. 3/26/97), 692 So.2d 11; State v. DeRouen, 96-0725 (La.App. 4 Cir. 6/26/96), 678 So.2d 39; State v. Esteen, 95-1079 (La. App. 4 Cir. 4/3/96), 672 So.2d 1098, writ denied, 96-0979 (La.9/27/96), 679 So.2d 1359; State v. Firshing, 624 So.2d 921 (La.App. 4 Cir.1993), writ denied, 93-2621 (La.2/25/94), 632 So.2d 760; State v. Leban, 611 So.2d 165 (La.App. 4 Cir.1992), writ denied, 619 So.2d 533 (La.1993).