952 So.2d 742 (2007)
STATE of Louisiana
v.
Andrew STEVENSON.
No. 2006-KA-1094.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 2007.
Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS Jr., Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
On January 28, 2005 in case 455-818, the defendant, Andrew Stevenson, was charged with possession of cocaine, a violation of La. R.S. 40:967(C)(2). He failed to *743 appear for arraignment on February 17, 2005.[1] On February 28, 2005, he was arraigned and entered a plea of not guilty. The defendant appeared without counsel at the motion hearings on March 7, 2005. At that time the court appointed counsel for the defendant and defense counsel requested and was granted a continuance. On March 8, 2005, defense counsel waived all motions, and trial was set for March 22, 2005. During the March 22, 2005 appearance, the defendant was found in contempt of court and ordered to serve 180 days in parish prison due to a positive drug test. Trial was reset for April 26, 2005. On that date, the State orally moved for a continuance, which the trial court denied. The State subsequently nolle prosequied the charge.
The charge against the defendant was reinstituted on June 1, 2005 in case 459-911. On June 13, 2005, the defendant entered a plea of not guilty. Motion hearings and trial were set for July 1, 2005. The defense orally filed a motion to quash and later supplemented the record with a written motion on July 7, 2005. The defendant appeared for the motion hearings and trial on July 25, 2005 without counsel. Subsequently, the court granted the motion to quash on July 27, 2005.
The state's sole argument is that the trial court erred in granting the motion to quash the bill of information. More specifically, under La.C.Cr.P. art. 691, the State has the right to dismiss an indictment without the consent of the court, and under La.C.Cr.P. art. 576, the State may reinstitute the charges within six months of dismissal. In this case, the State reinstituted the case less than two months after the dismissal. Furthermore, under La. C.Cr.P. art. 578, the State has two years after institution of prosecution to bring a defendant to trial in a non-capital felony case. In this case, the original bill of information was filed January 28, 2005 and the motion to quash was granted on July 25, 2005, less than six months later.
This court considered the same issue as raised here in State v. Santiago, XXXX-XXXX (La.App. 4 Cir. 7/23/03), 853 So.2d 671, and stated, ". . . it is well-settled that a defendant challenging the State's dismissal and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial." State v. Henderson, XXXX-XXXX, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. The determination of such a violation should be decided on a case-by-case basis. State v. Batiste, XXXX-XXXX, p. 5 (La.10/17/06), 939 So.2d 1245, 1249 citing State v. Love, XXXX-XXXX, p. 14 (La.5/23/03), 847 So.2d 1198, 1209.
To assist courts in determining whether a defendant's right to a speedy trial has been violated the Supreme Court set forth four factors to be considered: 1) the length of the delay; 2) the reasons for the delay; 3) the accused's assertion of his right to speedy trial; and 4) the prejudice to the accused resulting from the delay. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). Furthermore, court's must also ensure that the district attorney's office is not flaunting its authority in favor of the State at the expense of the defendant when charges are nolle prosequi and later reinstituting. Batiste, supra at p. 5, 939 So.2d at 1249 (quoting State v. Love, supra at p. 14, 847 So.2d at 1209).
First we look to the length and reasons for the delays in this matter. The delays in the matter totaled approximately six-months. Moreover, the State was not the sole cause of these delays. Here, the defendant *744 failed to appear for arraignment. On the date set for trial, March 22, 2005, the defendant was found in contempt and remanded for a positive drug test. At that time the trial was reset for April 26, 2005. It was on that date that the State nolle prosequied the charge.
The third factor is the defendant's assertion of his right to a speedy trial. No motions for speedy trial were urged. However, the constitutional right to a speedy trial is not dependent on filing a motion. Rather, the right attaches when an individual becomes an accused, either by formal indictment or bill of information, or arrest and actual restraint. State v. Dewey, 408 So.2d 1255 (La.1982). Moreover, the defendant asserted a violation via his motion to quash. Finally, the defendant has not alleged prejudice caused by the delay.
In applying the Barker factors to the limited facts provided in the record, this court cannot find evidence to support a violation of the defendant's right to a speedy trial. Nor does the record provide sufficient information to indicate that the district attorney's office flaunted its authority at the expense of the defendant. In the absence of any such evidence, this court must find that the trial court abused its discretion in granting the motion to quash. Accordingly, we remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The defendant was released on bond on January 13, 2005.