KLINE, J.
|2The defendant, Alvin King, was charged by East Baton Rouge Parish bill of information number 3-08-0419 with issuing a worthless check in an amount over $500.00, a violation of La. R.S. 14:71. On March 20, 2008, the defendant was arraigned. He entered a plea of not guilty. The matter came before the court for a status conference on May 18, July 22, and September 9, 2008. On each of these dates, the matter was continued on motion of the defendant. On January 20, 2009, the defendant filed a pro se motion for a speedy trial (pursuant to La.Code Crim. P. art. 701) and a motion to dismiss defense counsel. The trial court took no action and ordered defense counsel to speak with the defendant regarding representation. The pretrial status conference was continued until January 26, 2009. At the January 26, 2009, status conference, the matter was set for trial on March 23, 2009. On March 23, 2009, the state orally moved for a continuance of the trial. The prosecutor explained that he “had a little bit of trouble procuring some of the financial records from the bank.” Over the objection of the defense, the trial court granted the state’s motion. In granting the motion, the court explained:
... And so the state’s requesting a continuance — and Mr. King, like I’ve told— *1290 you’ve been in court and I’m going to grant either side one but that would be it and so this will be the state’s only chance to continue it. I’m going to— and I will grant their request and I will reset the matter for another trial date and it won’t be continued next time.
The trial of the matter was reset for May 20, 2009. When the matter came for trial on May 20, 2009, the state again sought a continuance. The prosecutor explained that the bank had not fully complied with a subpoena duces tecum. He further noted that the bank had not yet provided a custodian of record to testify regarding the authenticity and accuracy of its records. The defendant objected to |3the state’s request for a second continuance and the trial court denied the motion. The state immediately moved to dismiss the bill of information. The trial court ordered that the case be dismissed.
Thereafter, on May 21, 2009, the state reinstituted the issuing worthless check in an amount over $500.00 charge in East Baton Rouge Parish by bill of information number 05-09-0639. At the arraignment on this bill, the defendant entered a plea of not guilty. On September 11, 2009, the defendant moved to quash the bill of information arguing that the state circumvented the trial court’s power to grant and/or deny continuances by dismissing and re-instituting the bill of information. A hearing on the motion to quash was held on October 13, 2009. At the conclusion of the hearing, the court took the matter under advisement. Thereafter, on October 21, 2009, over the state’s objection, the trial court granted the defendant’s motion to quash. The state now seeks review of the trial court’s ruling.
FACTS
The only facts in the record indicate the defendant is alleged to have issued a check drawn on Capital One Bank, in the amount of $15,500.00, to J.T. Electrical Service. The check was returned unpaid with an “Account Closed” notation. The defendant did not respond to subsequent demands for payment.
ASSIGNMENT OF ERROR GRANTING OF DEFENSE MOTION TO QUASH
In a single assignment of error, the state asserts the trial court erred in granting the defendant’s motion to quash the bill of information in this case. The state argues it was within its authority, under La.Code Crim. P. art. 691, in dismissing the initial bill of information and reinstitut-ing the charge in a second bill. The state contends that the dismissal and reinstitution of the charge were not |4done to avoid the time delays for trial of the matter and in no way infringed upon the defendant’s constitutional or speedy trial rights.
In his motion to quash, and at the hearing on the motion, the defendant argued that by dismissing and reinstituting the instant charge after being denied a continuance, the state circumvented the trial court’s authority to grant and deny continuances. Noting that the trial court had in place an internal rule limiting trial continuances to one per party, the defendant further argued that the district attorney’s actions frustrated the trial judge’s right to control the court over which he presides. Finally, the defendant argued the state’s ability to dismiss and reinstitute charges in response to the denial of a continuance (a privilege the defense does not share) violated his due process and equal protection rights.
In granting the motion to quash in this case, the trial court reasoned:
The state is in charge of bringing criminal prosecutions to trial. They investigate their cases, they collect and *1291 review evidence, and they make decisions based on its own discretion to file formal charges against defendants it believes violated this state’s laws. No other entity has any input into this decision. After formal charges the state decides, alone, which cases it wishes to bring to trial. The state selects all trial dates for trials by jury in this court. This court does not interfere with the state’s process of selecting jury trials or the number of trails [sic] it may set for a particular day on a particular jury week. This court has operated a rule wherein each side is granted one continuance as the court realizes that certain problems can arise both for the state and the defense, and this second setting is provided so that both sides can make correct any deficiencies in their case, i.e., witnesses problems, crime lab problems, et cetera. Certain counsel have interpreted this one free continuance, quote, unquote— and I’m quoting that from, I believe, argument I received on the motion to quash as the basis for indicating that the court will continue matters for any or no reason. While this is true, this rule was never derived to keep or prevent counsel, from either side, for preparing for trials. This court believes that if ten cases are set by the DA’s office for trial, that all ten cases will be worked up and be ready to proceed on the trial date. Again, the state controls the number of trials set on any jury week. In the instant case, the original bill of information was filed March 17, 2008, alleging that worthless checks were issued by the defendant on January 1, 2007. The defendant was assigned — was arraigned on March 20, 2008. A preliminary examination was waived on May 15, 2008. On September 9, 2008, the state picked January 20, 2009, for a pretrial conference and March 28, 2009, for trial. Let me go back. The state picked March 23rd '09. The court picked, with the ]¿concurrence of state and counsel — defense, January 20th for pretrial conference. On January 20, 2009, the state did not indicate that there were any problems with its case, and the matter proceeded towards trial. Maintain the trial date, judge. March 23rd of '09, this matter came up for trial. Ten other jury matters had been scheduled for that same date and apparently either resolved themselves or were rescheduled. The state indicated that it needed a continuance on the matter before the court that day because bank records were unavailable. The record indicates that no subpoenas were ever issued directed to any financial institution. On that date the state indicated that they just realized that there were [sic] other information needed to try the case. The court granted a continuance, and the state picked May 20th of '09, for a second jury trial. The court explicitly told the state to be ready to go on the next date. On the second trial date the state, again, failed to have its witnesses, although, the record does reflect that subpoenas were issued for financial records for that date. The state requested a second continuance, the court denied that request. The state dismissed. The second bill of information has been filed and here we are today under a second bill of information bearing bill number 9-5-9-639. The defense, after the filing of this second bill and after arraignment, filed a motion to quash. The court has reviewed the case law, which there are not a lot of cases on point with regard to this issue, but the problems that I have — and let me continue where — just one second. Had the proper witnesses been in place for the first trial setting, the issue would never have been — this issue would’ve been avoided on a second trial setting. And had the state’s wit *1292 nesses still failed to appear on the second trial setting, which was May 20th '09, remedies could have been made by the state to guarantee their appearances, i.e., we’ve had cases where the DA’s Office actually goes out and gets the witnesses or alternatively the court or the state could have filed a rule to show cause after the first trial date setting as why the custodian of the records shouldn’t be found to be in contempt of court for failure to abide by subpoena. However, the problem resulted when nothing occurred for the first trial date setting. Because of the state’s failure to prepare for the first trial date setting which resulted in problems occurring for the second trial date setting — and the only reason for the continuance, in my mind, was because on the first trial date setting the case was not prepared for trial. Based on these reasons, the court will grant the motion to quash.
Article 691 of the Louisiana Code of Criminal Procedure confers on the district attorney the power to dismiss a formal charge, in whole or in part, and provides that leave of court is not needed. La.Code Crim. P. art. 693 expressly provides, subject to narrowly delineated exceptions, that dismissal of a prosecution]^ is not a bar to a subsequent prosecution....” La.Code Crim. P. art. 576, which sets forth the only legislative limitations on the state’s ability to dismiss and reinstate charges, provides:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
Under La.Code of Crim. P. art. 578(2), the state had two years from the institution of prosecution to bring the defendant to trial. The original bill of information was filed on March 17, 2008. When the state dismissed and reinstituted the charge, approximately 14 months had lapsed. The defendant did not allege, in his motion to quash or at the hearing on the motion, that the district attorney was attempting to avoid the time limitation of Art. 578 in dismissing and reinstituting the bill of information. Nor did he challenge the district attorney’s decision to dismiss and reinstitute the charge as a violation of his constitutional and/or statutory speedy trial rights. Accordingly, we conclude that the state did not violate the provisions of La.Code Crim. P. arts. 576 or 578 in dismissing and reinstituting the bill of information.
Even so, the Louisiana Supreme Court has recognized “a serious issue as to whether the district court or the prosecutor ultimately controls the docket in certain instances.” State v. Batiste, 2005-1571, p. 6 (La.10/17/06), 939 So.2d 1245, 1249-50 (where the court noted that this issue need not be addressed in that case). 17As Justice Weimer explained in his dissent in Batiste, “[t]he practice of the State ‘granting itself a continuance’ via a nolle prosequi after the trial court denies the State’s motion for a continuance has been the source of growing concern.” Id., 2005- *1293 1571 at p. 1 n. 2, 939 So.2d at 1253 n. 2 (Weimer, J., dissenting).
A trial court has the authority to grant a motion to quash when the circumstances of the individual case warrant such an action. State v. Love, 2000-3347, p. 13 (La.5/23/03), 847 So.2d 1198, 1208. A trial court’s resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. See Id., 2000-3347 at p. 14, 847 So.2d at 1209. The supreme court instructed that “where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.” Id. A trial court’s ruling that grants a defendant’s motion to quash a bill of information is a discretionary ruling, and absent abuse, the ruling should not be disturbed on appeal. See Id., 00-3347 at pp. 6-7, 847 So.2d at 1204-05.
In this matter, the trial court’s express reason for granting defendant’s motion to quash was the state’s failure to prepare for trial on two settings. The record supports the trial court’s conclusion in this regard that, essentially, the state flaunted its authority by granting itself a continuance that the trial court denied. The state had control of the case and the evidence from the time of defendant’s arraignment on or about March 20, 2008, forward. The trial was originally set for. March 23, 2009, and was continued on the state’s motion until May 20, 2009, at which time the state dismissed the indictment. The alleged worthless check offense at issue occurred on or about January 1, 2007. The trial court here had the | sadvantage of observing the actions of the state firsthand in evaluating the State’s actions. Under these circumstances, we cannot conclude that the trial court abused its discretion. We, therefore, should not disturb its ruling.
DECREE
The judgment of the trial court granting the defendant’s motion to quash the bill of information is affirmed.
AFFIRMED
KUHN, J., dissents & assigns reasons.