KUHN, J.,
dissenting.
|U disagree with the majority’s affir-mance of the trial court’s grant of the defendant’s motion to quash. In this case, the trial court “created” a procedural rule, not established by the Code of Criminal Procedure, which allows the State and the defendant each one continuance. The majority’s failure to address the propriety of such a bright line rule on the parties’ entitlement to continuances adopts and ratifies this practice by the trial court. Moreover, the motion to quash filed by the defendant was not specific and did not conform to the requirements of La.C.Cr.P. arts. 532-534. Lastly, the prosecutor’s actions were in accordance with the law.
While it is true that matters pertaining to the conduct of trial are within the sound discretion of the trial court, see La. C.Cr.P. art. 17; State v. Odom, 2007-0516, p. 20 (La.App. 1st Cir.7/31/08), 993 So.2d 663, 677, exercise of such discretion necessarily entails “action taken in light of reason as applied to all facts and with [a] view to the rights of all parties to [the] action while having regard for what is right and equitable under all circumstances and law.” See Blacks Law DictionaRY, 466 (6th ed.1990). I question whether the trial court’s bright line rule on continuances *1294 qualifies as “discretion” and believe that the majority’s failure to address this issue encourages such a practice.
Turning to the codal bases for motions to quash, I point out that the motion to quash filed by the defendant stated:
_kl-
Defendant is charged in the amended Bill of Information with the offense of Issuing Worthless Checks, La. R.S. 14:71.
2.
Defendant avers that the court has an internal rule that each side, the State of Louisiana and the Defendant, gets one continuance for trial.
3.
lOn March 23, 2009 the court granted the State’s first Motion for Continuance.
4.
On May 20, 2009 the court denied the State’s second Motion for Continuance.
5.
Subsequent to being denied a continuance, the State dismissed the Bill of Information filed against the Defendant and filed a new Bill of Information on the proceeding day.
6.
The State’s circumvention of the Court’s power to grant and deny continuances by dismissing and then rebilling a bill of information violates the Court’s judicial authority to grant and deny continuances, violates the Court’s judicial authority to set and control its docket under La.C.Cr.P. Article 17, and violates Defendant’s Federal and State Constitutional Due Process and Equal Protection Rights by making the Defendant subject to a constructive court rule of granting each side one continuance, when in truth the Defendant is the only side subject to said rale.
Nothing in these allegations conforms to La.C.Cr.P. arts. 532-534, which provide the grounds upon which a motion to quash may be based. The majority has not explained why the motion is properly before the court, simply ignoring the “alleged” grounds asserted by the defendant, and implicitly created its own basis for granting the motion.
| ¡^Moreover, nothing in the record supports a finding that the district attorney, in dismissing the charge in the first bill of information, was flaunting his authority at the expense of the defendant. See State v. Love, 2000-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. Rather, the record indicates the State’s dismissal of the bill of information was because Capital One Bank did not fully comply with its discovery request and a key witness (documents custodian) was not present for trial. The record is devoid of anything that suggests the State dismissed the charge and reinsti-tuted prosecution to obtain a tactical advantage over the defendant. As the majority correctly notes, the district attorney controls dismissing and reinstating cases, see La.C.Cr.P. arts. 691 and 693, and the timeliness of prosecution is not at issue. See La.C.Cr.P. arts. 576 and 578(2). Accordingly, this record demonstrates that the State acted within its authority when it dismissed and reinstated the charge in this matter, see State v. Batiste, 2005-1571 (La.10/17/06), 939 So.2d 1245, and, therefore, the trial court abused its discretion in denying the motion to quash.
For these reasons, I dissent.