LOLLEY, J.
| jThis criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. Anthony R. Banks, defendant, filed a motion to quash the bill of information against him, which the trial court granted. The State has appealed that judgment. For the following reasons, the trial court’s judgment is reversed and the matter is remanded to allow the State to proceed with the charges against the defendant.
Facts
On February 17, 2009, Banks was charged by bill of information with armed robbery, possession of a firearm by a convicted felon, and possession of stolen firearms in Docket No. 275,361 in Caddo Parish, Louisiana. The bill of information *466 alleged that the offenses were committed on January 21, 2009, and the victim was Kevin Powell. When that matter came to trial on September 27, 2010, the State dismissed the charges against Banks.
On January 25, 2011, Banks was charged again by bill of information with the offenses of armed robbery with a firearm (violations of La. R.S. 14:64 and 14:64.3) and possession of a firearm by a convicted felon (La. R.S. 14:95.1). These charges arose out of the same facts and circumstances as the offenses in the previous criminal prosecution against him. Banks pleaded not guilty, and on February 14, 2011, filed a motion to quash the bill of information, claiming that the State’s actions violated his rights to a speedy trial, due process, and against double jeopardy.
The trial court granted Banks’s motion. In quashing the State’s bill of information and dismissing the charges against Banks, the trial court looked to La. C. Cr. P. art. 576, which allows a new prosecution when previous |2charges have been properly dismissed, providing that the new prosecution is timely. The trial court noted that the State’s dismissal and new prosecution violated art. 576 and, by implication, Banks’s right to a speedy trial. This appeal by the State ensued.
Discussion
The State argues that the trial court erred in granting the motion to quash, because the law and jurisprudence are clear that unless a defendant’s constitutional, rather than statutory, right to a speedy trial is violated, the district attorney has complete discretion over the dismissal and reinstitution of prosecutions within his jurisdiction. We agree.
State v. Batiste, 2005-1571 (La.10/17/06), 939 So.2d 1245, is precisely on point. In Batiste, the Supreme Court noted that a trial court’s resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstitut-ed charges should be decided on a case-by-case basis. Id. at 1249. The Batiste court further noted that:
“[Wjhere it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.”
Id., citing State v. Love, 2000-3347 (La.05/23/03), 847 So.2d 1198, 1209. In Batiste, the court concluded there was no indication that the prosecution was “flaunting his authority at the expense of the defendant.” We conclude the same in the case at hand.
| ¡¡There is no question that the district attorney has control of criminal prosecutions, including dismissal and reinstatement of cases. Louisiana C. Cr. P. art. 691 states:
The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court.
The only limitations on the State’s ability to reinstate charges previously dismissed by a district attorney are seen in La. C. Cr. P. art. 576, which states:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by *467 the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer. A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
Under La. C. Cr. P. art. 578, the State has two years from the institution of the prosecution to bring the defendant to trial on a noncapital felony offense.
Here, we do not find that the second bill violates Banks’s right to a speedy trial, either statutorily or constitutionally. As far as the statutory requirements, we note that the State’s actions were timely as required under La. C. Cr. P. arts. 576 and 578. As stated, on September 27, 2010, the day of Banks’s trial in Docket 275,361, the State dismissed the charges under the bill of information before any witnesses had been sworn. Despite Banks’s assertion to the contrary and the trial court’s statement in its ruling, the record clearly reflects that Banks and his attorney were present in court. They made no comment regarding the dismissal. On January 25, 2011, the State filed another bill of information in a new proceeding against Banks (Docket No. 293,875), which was based on the same offense. Applying the time restraints stated in La. C. Cr. P. arts. 576 and 578, the State had two years from institution of the prosecution against Banks or six months from the date of the dismissal, whichever was longer. That date would have been March 27, 2011; thus, the reinstatement of charges against Banks on January 25, 2011, was timely, and the statutory requirements to proceed against him were met.
Further, Banks had filed a motion to suppress identification evidence because the victim had died — said motion was filed a mere nineteen days prior to the date of trial. As evidenced by the trial transcript from September 27, 2010, that motion to suppress was still pending at the time the case was dismissed by the State. Under La. C. Cr. P. art. 580, the filing of the motion to suppress acted to suspend the time within which the prosecution had to commence under La. C. Cr. P. art. 578, which further shows that the State was acting within the requisite time constraints to proceed against Banks.
IfiNor do we find that Banks’s constitutional right to a speedy trial was violated as he claims. The standard for analyzing a defendant’s claim that his constitutional right to a speedy trial has been violated is a four-factor test found in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). See also State v. Sparks, 1988-0017 (La.05/11/11), 68 So.3d 435, cert. denied, El-Mumit v. Louisiana, — U.S. —, 132 S.Ct. 1794, 182 L.Ed.2d 621 (03/26/12); State v. Logan, 45,136 (La.App.2d Cir.04/14/10), 34 So.3d 528, writ denied, 2010-1099 (La.11/05/10), 50 So.3d 812. The factors include: (1) the length of the delay; (2) the reason for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) the prejudice to the defendant.
First, as already discussed, we note that the length of delay in this case did not exceed that allowed by law. We do not deem the length of time expended in this matter unreasonable. Second, the reason *468 for the dismissal was not specified; however, as argued by the State, it had no prescription concerns because Banks’s motion to suppress was pending and worked to suspend prescription. Notably, the motion to suppress was filed within the month prior to the trial, indicating that the case was continuously proceeding. It does not appear that the dismissal was a ploy by the State for avoiding the time limitation for commencement of trial established by La. C. Cr. P. art. 578. The record does not contain any motions to continue the trial, nor do the minutes indicate that the State used any dilatory tactics to prevent trial. Third, Banks did filed a pro se motion for speedy trial in May 2010. Pri- or to that, several court appearances had occurred, during one of which Banks had filed a motion for discovery and production of documents. | (Again, there does not appear to be any undue delay that would have necessarily prompted Banks to file his motion. Finally, the last factor to be considered is the prejudice to the defendant. In this case, Banks was unable to allege any prejudice that resulted from the dismissal and later reinstitution of the charges against him, and there is no prejudice to be found in the record. Considering the Barker factors, there has been no showing that Banks’s constitutional right to a speedy trial was violated.
Therefore, under the specific facts of this case, we do not find that Banks’s right to a speedy trial, either statutorily or constitutionally, were violated. The trial court erred in granting Banks’s motion to quash and dismissing the State’s bill of information against him.
Conclusion
For the foregoing reasons, the judgment of the trial court granting the motion to quash filed by Anthony R. Banks is reversed. The matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.