LOMBARD, J.,
Dissents.
| ,The issue before the court is whether the trial judge abused his discretion in granting the defendant’s motion to quash under the specific circumstances of this case. See State v. Love, 00-3347, pp. 14-15 (La.5/23/03), 847 So.2d 1198, 1209-10 (the right to a speedy trial is relatively vague and difficult to determine with precision and, therefore, must be analyzed in the particular context of the case).
The specific, relevant facts are as follows. After numerous continuances (during which time the defendant remained incarcerated), the State moved for yet another continuance on December 9.2010, after prospective jurors had already been sworn in. Outside the presence of the jury, the following colloquy took place:
STATE: Judge, at this time, the State would request a continuance on case number 492-310.
COURT: ... I believe this is at least the second time, minimal, that you requested a continuance. And I believe it was based on the fact that the Court was informed that the victim in this case indicated he wouldn’t be here and has not come and it’s even been discussed the possibility of issuing a material witness bond, which you haven’t requested as of yet. But there would have to be a showing that the victim in this case is truly unavailable. Just because he says he’s not coming, does not qualify, I wouldn’t think....
STATE: We would only put on the Record that I talked to the victim. He did indicate he was coming forward. And at this point, the jury’s up, and we don’t have a victim present.
COURT: Last time I believe we continued the case specifically for the victim to come forward.
INSTATE: We also have subpoenaed the victim. We had sent the investigator over yesterday to subpoena the victim at his residence on Spain Street. He was notified prior to today that we have a trial set, and he did indicate that he was not coming five minutes ago when I talked to him on the phone.
COURT: All right.
STATE: And we also indicated to him that we would issue an attachment for his arrest. He indicated he would pay *272 the fine to get out of jail. I told him how much that it would be. He indicated that it was $250 to get out of jail. I told him that it was going to be much more than that. And at that point, he indicated he would just go to jail rather than come to court.
COURT: So basically, you’ve got someone who also turned victim in this case, someone who is down right defiant of your request?
STATE: Yes, sir.
COURT: Was he subpoenaed?
STATE: He was subpoenaed yesterday and we sent the investigator over there until we realized that he lied about his place of employment—
COURT: Last time, if I’m not mistaken, didn’t we continue because he was stuck at work or something?
DEFENSE COUNSEL: That’s correct.
STATE: He told me he couldn’t take off work. He told me yesterday of where he worked and the number. And I called and I spoke to his supervisor and he indicated he hadn’t worked there in two weeks.
[[Image here]]
DEFENSE COUNSEL: He’s been in jail for over seven months, Judge.
COURT: On this charge?
DEFENSE COUNSEL: Yes, Judge.
COURT: Has the victim ever shown?
DEFENSE COUNSEL: Never, Judge.
STATE: No, sir.
COURT: It’s the State’s position that they don’t get him in for motions, but that’s a respectable position. But let me say this to you, Gentlemen and Ladies: It’s no secret that in a case whenever a victim |sand defendant know each other, it kind of sort of spells a problem. So based on what you’ve told me [ADA], I can’t grant you a continuance.
STATE: Yes, Sir. At this time, the State would enter a nolle prosqui [sic] as to 492-310, and we reserve the right to re-institute it.
The following day, before the defendant was released, the State reinstituted prosecution under case number 502-583 “C.” The defendant was again arraigned and trial was set for March 23, 2011, but on that date (March 23, 2011), the trial was continued by joint motion until May 19, 2011. Once again, on May 19, 2011, it was continued by defense motion until July 18, 2011. On that date, according to the docket masters, the defendant appeared for trial but the State entered its second nolle prosequi based on unavailability of the witness, and reinstituted charges under Case No. 507-507 “C.” Accordingly, in August 2011, after being incarcerated for over twenty-three months, the defendant filed the motion to quash at issue in this appeal.[1] The State maintained that its actions were statutorily and constitutionally valid, insisting that this court determined in Larce,[2] that neither “the defendant’s statutory nor his constitutional rights were violated based on the State’s dismissal and *273 re-institution on the same exact issue, was an issue of whether or not the State was using the nol-pros [sic] and reinstitution as a continuance.” The following colloquy then took place:
COURT: So let me ask you this question: Was the person in continuous custody in the case that you’re holding in your hand?
STATE: State versus Larce, Judge?
COURT: Was the person in continuous custody?
STATE: I don’t have that information.
|4COURT: You don’t think that’s a relevant fact?
The trial judge then observed (in response to the State’s assertion that neither the continued absence of a witness nor the defendant’s continued custody was a consideration sanctioned by this court or the Louisiana Supreme Court), “[s]omewhere in that case law, they have to take into consideration whether a person is in custody continuously and a person who was out of bond.”[3]
Finally, the trial judge then ruled on the motion to quash in the following context:
STATE: And given the fact that [defense counsel] is the individual who brought the motion to quash, we argue that [defense counsel] to [sic] supply the Court with some law stating that if a person is in continuous custody — As I stated previously, there’s other remedies for [defense counsel], if his client has been continuously in custody on [sic] the time. There’s several things that defense counsel could’ve done in that situation other than try to argue the merits of something that’s gone to the Fourth Circuit and the Supreme Court many times and they rule consistently the same way.
COURT: All right. We’re going to give them another chance to rule. Motion to quash granted.[4]
Thus, it is clear from the hearing transcripts that the issue before the trial court (and, thus, this court on appeal) is not simply whether the State has the generic right to dismiss and re-institute charges. Rather, the trial judge was concerned with two issues: (1) whether the State, although acting within statutory parameters, was misusing its authority to nolle prose-qui and reinstitute proceedings to create its own continuance where it was unable to go forward with the prosecution because the victim adamantly refused to appear as a witness; and (2) ^whether the defendant’s continued custody should be considered a factor in determining whether or not to grant a motion to quash.
According to the U.S. Supreme Court, the purpose of the federal constitutional right to a speedy trial is “to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but neverthe *274 less substantial impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved charges.” U.S. v. MacDonald, 456 U.S. 1, 8, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982) [emphasis added]. Therefore, when the motion to quash is based upon the district attorney entering a nolle prosequi and later reinstituting charges and it is evident that the district attorney is “flaunting his authority” at the expense of the defendant, the motion should be granted. State v. Batiste, 2005-1571, p. 5 (La.10/17/06), 939 So.2d 1245, 1249.
As pointed out by the majority, one of the factors for consideration in determining whether a defendant’s right to a speedy trial has been violated is the prejudice to the accused resulting from the delay. Barker v. Wingo, 407 U.S. 514, 531-532, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In Louisiana, this “[prejudice to the defendant should be analyzed in light of the following three interests that the right to speedy trial was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired.” State v. Love, 00-3347 at 19-20, 847 So.2d at 1212 [emphasis added]. Further, because the determination of whether to grant or deny a motion to quash and the duty to make reasonable rulings that protect the rights of defendants without placing unnecessary limits on the State’s ability to prosecute cases is within the trial court’s discretionary authority, absent an abuse of | ^discretion the trial judge’s decision should’ not be disturbed on appeal. See State v. Love, 00-3347, p. 11, 847 So.2d at 1207.
The majority asserts, however, that this defendant is not prejudiced[5] because in Batiste, the Louisiana Supreme Court found held that the absence of a victim is a legitimate reason for the State to nolle prosequi. The Court, however, reversed the judgment granting the motion to quash under the “specific facts presented” and those facts are easily distinguishable from the ones in the instant appeal: (1) the defendant was not incarcerated during the twenty month delay; (2) the motion to quash was granted in Batiste after the State entered a nolle prosequi and reinsti-tuted charges once, not twice as in this case; and (3) the State entered a nolle prosequi “because the victim was not present for trial and was unsure whether she wanted to go forward with her testimony.” Batiste, 2005-1571, p. 8, 939 So.2d at 1251. Notably, although the victim in Batiste may have been reluctant, she had not (as has Mr. Jackson in this case) adamantly refused to come to court for previous trial settings or informed the State that she would go to jail rather than appear as a witness.
Therefore, under the specific circumstances of this case — where there appears to be no reasonable or foreseeable possibility of a trial actually taking place — the State’s decision to repeatedly re-institute proceedings merely to maintain the defendant’s incarceration status denies the defendant not only a fair trial but any trial at all. Such action surely constitutes a “flaunting” of the prosecutor’s authority, particularly in light of the fact that the statutory period has not expired and the trial judge’s decision to quash at this juncture in the proceedings is not prejudicial to *275 the State. Clearly, if and when the complaining witness decides to comply with the State subpoena and to appear as a witness or |7the State ascertains it can go to trial without the witness, the State can re-institute the case and go forward with its prosecution of this defendant. The pretrial incarceration of the defendant without any trial foreseeable is clearly punitive and, because the defendant has not yet been convicted of a crime, oppressive. Thus, the trial judge did not abuse his discretion in granting the motion to quash.
Accordingly, I respectfully dissent.

. Because defense counsel never filed a speedy trial motion, the state speedy trial statute is not at issue. It was determined at the motion hearing on September 2, 2011, that the defendant had been in continual custody for more than twenty-three months and a trial date had been set nine times.

. The issue in State v. Larce, 2001-1992 (La.App. 4 Cir. 1/23/02), 807 So.2d 1080 was whether the State was within its authority to nolle prosequi a case, reserving the right to reinstate charges, when its motion for a continuance was denied and the court explicitly confined its holding to cases where the defendant’s statutory or constitutional rights to a speedy trial were not at issue. Thus, Larce was inapplicable to the situation before the trial court.

. This appears to be a correct assumption. As noted by the Louisiana Supreme Court recently in State v. Mathews, 2013-0525, p. 2 (La.11/15/2013), 129 So.3d 1217, the U.S. Supreme Court stated in U.S. v. Loud Hawk, 474 U.S. 302, 312, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) "[Ujnder the rule of MacDonald, when defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause.” Thus, it follows that when the converse is true — the defendant is incarcerated — such incarceration is appropriately considered within the context of a constitutional speedy trial claim.

. Upon defense counsel's request that the dismissal be with prejudice, the trial judge inferred he did not have the authority to dismiss with prejudice. Although such a remedy is drastic and rarely appropriate, the trial court does have such authority. State v. King, 2010-2638, p. 6 (La.5/6/11), 60 So.3d 615, 618.

. Inexplicably, although acknowledging that a twenty-two month delay was found presumptively prejudicial in State v. Love, 2000-3347 (La.5/23/03), 847 So.2d 1198, the majority cites two cases wherein shorter time periods were found not to be presumptively prejudicial and concludes that the record shows no evidence of "said prejudice.”