JOHNSON, C.J.,
would'grant and assigns reasons. •
h Defendant was indicted for second degree murder’ and armed robbery on April 8, 2013. On October 10, 2014, he filed a motion for speedy trial. In accordance with La.C.Cr.P. art. 702(D), the state had until February 9, 2015, to commence trial or the defendant would be released without bail. The defendant appeared on that date and announced he was ready for trial. However, the state indicated that its witnesses, who were law enforcement officers, had not been subpoenaed because of a problem with the "court’s electronic notification system. Therefore, the state sought a continuance. The defendant objected and noted that the state could have eschewed the electronic system and instead requested the court to issue instanter subpoenas. The trial' court agreed but granted the state ⅛ one-day continuance. The next day, the state again asked for a continuance oh the basis of the malfunctioning electronic system.’ Notably, the 'defense witnesses were present after being issued instaiiter subpoenas.
The trial court denied the state’s request for another continuance on February *28 10, 2015, so the state, as is unfortunately customary in Orleans Parish, afforded itself a continuance by entering an order of nolle prosequi, ■ and re-indicting defendant two days later. This perennial practice of the Orleans Parish District Attorney has been the subject of many writ applications to this Court. In State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, this Court considered [ awhether a defendant’s constitutional right to a speedy trial was violated after the state used its authority under La.C,Cr.P. arts. 691 and 693 to quash and reinstitute proceedings because the state’s witness was unavailable. This Court applied the factors outlined in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) to find defendant in Love was not denied his constitutional right to a speedy trial. Specifically, this Court found the 22-month delay in that ease was presumptively prejudicial but the delay was prompted by legitimate reasons, defendant never asserted his right to a speedy trial, and defendant failed to show that he suffered sufficient prejudice to merit quashing the prosecution.
The court revisited the issue in State v. Batiste, 05-1571 (La.10/17/06), 939 So.2d 1245. This Court, stated that it granted the application in Batiste “intending] to look at the court’s inherent power to manage its docket, see La.C.Cr.P. art. 17, along with the district attorney’s right to control the criminal prosecutions instituted in his district, see La.C.Cr.P. art. 61,” Batiste, 05-1571, pp. 4-5, 939 So.2d at 1249. .This Court found, however,, “that we need not reach this issue because there was a legitimate reason for the State to enter the nolle prosequi that was not based upon a struggle between the powers of the court and the prosecution or for the purpose of avoiding the time limitation for commencement of trial established by Article 578.” Id., 05-1571, p. 5, 939 So.2d at 1249. This Court also applied the Barker v. Wingo factors and found the defendant in Batiste was not denied his constitutional right to a speedy trial.
The only check on the prosecutor’s authority under current jurisprudence is to grant the motion to quash, a drastic remedy this Court has understandably been reluctant to see used. See, e.g., State v. Bell, 13-0117 (La.9/27/13), 122 So.3d 1007 (per curiam) (reversing trial court’s grant of motion to quash). -■ ' ■
The trial court in the present case declined to quash the prosecution on March 6, 2015. Instead, in accordance with La. C.Cr.P. art. 701(D)(2), the trial [ .¡court ordered that, defendant be released without bail. As to defendant’s speedy trial motion, defendant received the remedy to which he was. statutorily entitled, i,e. release without bail. It is true that the trial court order denying the motion to quash grants the defendant’s release under La. C.Cr.P. art. 701, but that appears to be an empty remedy in this case since the State requested the bond on a pending simple criminal damage to property charge be increased, based on the existence of the reinstituted second degree murder charge, to .a sum defendant could, not afford. Defendant therefore was re-incarcerated. .
While a harsh remedy, because of the abuses in this case, I would grant the motion to quash. ■ ■ . [1]

. Colloquially known as “the State granting itself a continuance” through a nolle prosequi.